RICHARD J. LAWRENCE, Syndic of the creditors of Abner Smalley *v.* ELAM BOWMAN and another.

It is essential to a revocatory action in which an act of an insolvent is attacked, as having been made in fraud and to the injury of his creditors, that fraud should be alleged against the debtor, who must be a party to the suit.

A sale under execution must be made either on the premises, or at the seat of justice of the parish, unless with the consent of the debtor, or it will be annulled.   C. P., 664, 665.

APPEAL from the District Court of Concordia, *Curry*, J.

SIMON, J.   The object of this suit is to annul a sale made by the Sheriff of the parish of Concordia, of property seized in the possession of one Abner Smalley, by virtue of sundry executions issued against him.   The property was adjudicated, at one year's credit, to the defendant, Bowman, for the sum of $4400 ; $4000 of which, as it is recited in the Sheriff's return, embraced the purchaser's liability for the payment of a mortgage, leaving a balance of $400 to be applied to the executions, for which the purchaser gave his bond.

The plaintiff sues in his capacity of syndic of the insolvent estate of Abner Smalley, and for the benefit of the insolvent's creditors.   He alleges, that the sale made by the Sheriff, was made clandestinely and fraudulently between the Sheriff and the defendant, Bowman, and in fraud of the debtor's creditors, for a sum far below the value of the property ; that the formalities of the law were not complied with ; that the returns of the Sheriff, on the back of the writs, are false and fictitious ; and that the sale, adjudication, and deed of sale, are null and void, &c.

The defendant, Bowman, pleads the general issue ; alleges the legality of the sale made to him ; avers that he has paid the amount of his purchase ; and sets up, that the plaintiff's petition discloses no legal right, and no legal cause of action against him, by which the plaintiff can inquire into, or in any manner question the title acquired by him, the defendant, from the said forced sale.   He also pleads the prescription of one year.

There was judgment below in favor of the plaintiff, annulling the sale made by the Sheriff, and declaring the title of the proper-

ty to be and remain in the creditors of Abner Smalley, and from this judgment, the defendant, Bowman has appealed.

Notwithstanding the allegations contained in the petition, charging fraud against the defendant, Bowman, in connection with the alleged fact of Smalley's having made a cession of his property to his creditors within three months after the sale, and of his having occupied, and still continuing to occupy the property as owner, since the said sale, we cannot view the present action in the light of a revocatory one. No fraud is alleged against Smalley ; he was not made a party to this suit ; and it is an essential requisite in a revocatory action, that fraud should be alleged and established against the debtor, whose act is attacked as having been made in fraud, and to the injury of his creditors.

We shall, therefore, consider the present action as one in revendication, based upon alleged irregularities and informalities in the sale complained of, and instituted for the purpose of bringing back to the mass of the insolvent estate, property which was illegally alienated before the cession, and which never ceased to belong to the debtor, or to the estate by him surrendered.

With this view of the present action, it is unnecessary to inquire into the questions resulting from the fraud alleged, and from the facts which may have been established in support of it as a revocatory action ; but the collusion that may have existed between the deputy Sheriff, who made the sale, and the defendant, Bowman, would be perhaps a sufficient ground to annul a sale of this kind, in an action of revendication, if legally established, as this fact would be independent of the action of the debtor, and would give to the latter a right of action to obtain the cancelling of the sale. So it would be with regard to the want of the legal requisites in making the sale, and to all the other illegal circumstances which surrounded it. The debtor himself, and after his *cessio bonorum*, the syndic appointed by his creditors, has a right to institute an action to revendicate the property, and take it out of the hands of the person to whom it was illegally adjudicated.

Several grounds of informality have been pointed out to us, and insisted on by the plaintiff's counsel, one of which appears to us fatal. It is that which relates to the place where the sale was made. It appears from the advertisement published by the officer,

and from the testimony of the witnesses, that the sale was made neither on the premises, nor at the seat of justice of the parish, but at the dwelling house of one Miller, who lives eight miles from the premises.    This was clearly illegal, as nothing shows that it was done with the consent of the debtor.    Code of Practice, arts. 664 and 665.    This ground is well taken, and is also sustained by our decision in the case of *Zacharie* v. *Winter*, 17 La. 82, in which a similar point was raised.    This alone, is sufficient to annul the sale complained of.

The expression of our opinion on this point, renders it unnecessary to examine the other alleged grounds of nullity ; but we cannot forbear remarking, that a careful inspection of the record has induced us to believe, that there are other informalities which, in themselves would, perhaps, have been sufficient to annul the sale under consideration, and that the return of the Sheriff, made under the report of the deputy who executed the writ, was made under suspicious circumstances.    The evidence shows, that the sale was made at a very low price, not at all adequate to the real value of the property ; but however this may be, all that the defendant can pretend to claim is the reimbursement of the amount by him paid on his bond, which right, we think, ought to be reserved to him, if he can show that he has paid it to the seizing creditors.

It is, therefore, ordered, that the judgment, of the District Court be affirmed with costs ; reserving to the defendant, Bowman, the right of claiming of the insolvent estate of A. Smalley, represented by the plaintiff, the reimbursement of the amount which he, said Bowman, may have paid on his twelve months' bond to the seizing creditors of the insolvent.

*Stacy*, *Sparrow*, and *Shaw*, for the plaintiff.
*Frost* and *Elam*, for the appellant.