DAVIS<br>v.<br>POLICE JURY<br>OF CONCORDIA.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## LAWRENCE, Syndic, *v.* YOUNG.

In an action by the syndic of an insolvent to recover a tract of land claimed by a purchaser at a judicial sale, the plaintiff will not be concluded by the sheriff's deed and return. He may show that the requisites of the law have not been complied with, though the defendant were an innocent purchaser, for a sound price, without notice, and previous to any suit to cancel the sale. *Per Curiam:* No forced alienation will divest the title of the defendant in execution, unless the forms of law have been complied with. One who exhibits a judgment, execution, and sheriff's deed, makes out only a *primâ facie* title.

An execution having been levied on land belonging to defendant, he consented that it should be sold without the formalities of law, at a place where no bidders could be expected to attend, save one who had agreed with him to purchase it, and to whom it was adjudicated, for a price much below its real value. Six days after, defendant made a cession of his property to his creditors, showing a large amount of debts, and little or no property. *Held,* that being insolvent at the time of the sale, and his property being the common pledge of his creditors, his consent to dispense with the forms of law, by which the value of the pledge was diminished, was a renunciation affecting the rights of others, and contrary to public order and good morals, and consequently void. C. C. 11.

THE defendant appealed from a judgment of the District Court of Tensas, *Curry,* J., in favor of the plaintiff.

*Shaw,* for the plaintiff.

*Sanders, Rowley, Frost, Dunlap* and *E. D. Farrar,* for the appellant. The defendant, who was a purchaser without notice and for a fair price, from the original purchaser at the sheriff's sale, is protected by the judgment, execution and return, and sheriff's deed. He cannot be affected by the frauds of others, nor by any irregularities in the sheriff's sale. 1 Mart. N. S. 388. 8 Ibid. N.

S. 342. 9 La. 305. 11 La. 48, 108, 408. 1 Story's Equity, 373. 7 Dana, 506. Any irregularities in the sheriff's sale were cured by the agreement of the judgment debtor. If this agreement was fraudulent, it should have been attacked by the syndic of his creditors, by a revocatory action, within one year from the date of his appointment, which was not done.

In this case the opinion of the court was delivered at the last term, at Alexandria, by

BULLARD, J. The syndic sues for a tract of land as the property of his insolvent, which he alleges was illegally sold at a pretended sheriff's sale to one *Bowman*, and since transferred by him, and which has come into the possession of the defendant. He alleges that the sale has already been declared null and void as to *Bowman*. See *Lawrence, Syndic, v. Bowman*, 6 Rob. 21. The defendant sets up his title, and calls in his warrantors. His title rests upon the sheriff's sale ; and the question is, whether the original owner was divested of title by the proceedings in that case, as against the present defendant, a purchaser without notice. The whole matter in controversy is brought to our notice by a bill of exceptions in the record, taken to an opinion pronounced by the district judge. The question was submitted to him, whether the plaintiff, as syndic, could go behind the sheriff's deed and return, and show that, in fact, the requisites of the law had not been complied with, though the defendants were innocent purchasers, for a sound price, without notice, and previous to any suit for the cancelling of the sale. The court ruled that the plaintiff might introduce evidence to that effect, drawing a distinction between conventional and judicial sales, that in the latter even an innocent purchaser must see that all the forms of law are actually fulfilled, and cannot rely on titles apparently regular.

This view of the law appears to us to be sound and correct. No forced alienation is valid, and divests the title of the defendant in execution, unless the forms of law have been complied with. It is true that he who exhibits a judgment, execution, and sheriff's deed, makes out a *primâ facie* title ; but if the regularity of the proceedings be contested, and it be shown that the forms of law were not complied with, the purchaser acquired no title, and could confer none upon his vendee. If the defendant in this case had sued out a monition, and the homologation of the sale had been opposed, on the grounds of nullities in the proceedings which preceded the forced sale, it is clear the sale would have been annulled. It is by a compliance with legal forms that the consent of the owner to the sale by the sheriff is supplied, and without such forms the sheriff has no warrant to sell. The evidence before the court below, and now before us in the two cases by consent of parties, shows that there was no valid sale, and justifies the judgment rendered by the court below. The judgment of the District Court is therefore affirmed with costs.

A rehearing having been allowed in this case on the question, whether the irregularities in the sheriff's sale were cured by the agreement of the judgment debtor, the opinion of the court was pronounced, at the present term, by

ROST, J. This case has been decided in part by the late Supreme Court, and the only question presented to us on the rehearing is, whether the irregularities in a sheriff's sale may not be waived by the judgment debtor. The rule laid down on that subject in the 11th article of the Louisiana Code, is clear and free from ambiguity. "Individuals may renounce what the law has established in their favor, *when the renunciation does not affect the rights of others*, and is not contrary to public order or good morals." The judgment debtor in this case

clearly comes within the first of these exceptions, and we think within the others also. His land was seized under execution, and he consented that it should be sold without the formalities of law, and at a place where no bidders could be expected to attend, save the person who had made an agreement with him to buy it, and to whom it was then and there adjudicated, at a price much below its real value. Six days after this sale, the judgment debtor made a surrender of his property to his creditors, and filed in court a schedule showing a large amount of debts, and little or no property to satisfy them. He was manifestly insolvent when the sale took place; his property was then the common pledge of his creditors; and any renunciation by which the value of that pledge was diminished, must be held to be void and of no effect.

The nature of the deed by which the present defendant acquired the land, would go far to satisfy us that he had notice of the defects of the title; but whether he had, or not, the nullity of the sheriff's sale must be fatal to him.

*Judgment affirmed.*