# SMALLEY v. HIS CREDITORS.

The acceptance by the judge of the *cessio bonorum* made by an insolvent does not vest the property absolutely in the creditors, so as to confer on them a right of ownership, or dominion over it. The property remains in their hands only as a pledge, which they are bound to have sold, in order to distribute the proceeds among themselves, and to pay the surplus, if any, to the ceding debtor. The cession is not a giving of property by the insolvent in payment to his creditors, by which interest is arrested. The interest forms a part of the

debt, which the creditor has a right to exact till the entire payment of his demand ; conse-
quently where the property surrendered is sold on a credit interest is due, not to the date
of the sale only, but to the time of the distribution.

Where a judgment has been obtained on a note, the note itself becomes merged in the judg-
ment, and can only be severed from it by the reversal or recision of the judgment.

Where a debt, originally evidenced by a note, but subsequently merged in a judgment, is
placed on the schedule of an insolvent, the debt, whether described in the schedule as a
judgment or a note, will vest in the syndic in the form in which it existed at the date of the
cession. If the erroneous description of the debt, as being by note instead of judgment,
was fraudulently made, and injured the sale, the creditors alone can complain.

It is the duty of syndics to administer estates confided to them with economy, and, in case
of any abuse of their trusts in this respect, the creditors will be relieved.

APPEAL from the District Court of Concordia, *Barry*, J. *T. P. Farrar*,
for the appellants, cited C. P. 988, 989. Stat. of 1826, B. and C.'s Dig. p.
495, s. 2. C. C. 2173. 2 La. 354. *Shaw*, for the syndic. *Stacy* and *Sparrow*,
*pro se*, and for certain creditors of the insolvent. *Frost*, for other creditors; cited
C. C. 2171. 3 La. 158. 9 La. 266. 11 La. 412. 12 La. 404, 594. The judgment
of the court was pronounced by

KING, J. The firm of *Perkins*, *Hopkins* and *White* have appealed from a
judgment homologating a tableau of distribution, presented by the syndic of
*Smalley*, a ceding debtor. They complain that the judgment is erroneous:
1st. Because it allows interest on the claims of the creditors bearing interest, up
to the 1st of February, 1844, the date of the sale of the insolvent's property,
instead of the 18th February, 1841, the date of the acceptance of the surrender,
2d. Because the claim of *Samuel Cotton* is allowed as a judicial mortgage,
whereas, it is contended, it should rank as an ordinary debt. 3d. Because a
sum of $250 is allowed to *Stacy* and *Sparrow*, for professional services. 4th.
Because a sum allowed to *Oakey* and *Cotton* as costs, is unsustained by proof.
5th. Because the judgment decrees the tableau to be final and discharges the
syndic, which was not prayed for by the latter. 6th. Because the sum allowed
for taxes is unsupported by proof. And finally, because the tableau is imperfect
and informal.

I. The appellees, whose claims bear interest, pray that the judgment be
amended, by allowing them interest up to the day of distribution. The counsel
for the appellants contends that, the property ceded by the insolvent vested abso-
lutely in the creditors, in consequence of which interest ceased from the moment
of the acceptance of the surrender. This question can no longer be considered
open. In the case of *Rivas et al.* v. *Hunstock et al.*, 2 Rob. 192, 194, it was
held that, the acceptance of the surrender by the judge did not vest the pro-
perty absolutely in the creditors, so as to confer on the latter. a right of owner-
ship or dominion over it ; that it remains in their hands only as a pledge, which
they are bound to have sold in order to distribute the proceeds among the credit-
ors, and to pay the surplus, if any, to the ceding debtor. The surrender is not
regarded as the giving of property by the insolvent in payment to his creditors,
by which the course of interest is arrested. It has been repeatedly decided
that, interest does not cease on the cession of property by the insolvent. It
forms a part of the debt, which the creditor has a right to exact until the entire
payment of his demand. 3 La. 159. 9 La. 267. 11 La. 412. The judge,
in our opinion, erred in allowing interest on the claims of the appellees up to the
date of the sale only, the sale not having been made for cash, but upon extended
terms of credit. It should have been allowed to the time of the distribution ;
and, in this respect, the judgment must be amended in accordance with the
prayer of the appellees.

II. *Cotton* obtained a judgment against the insolvent on a promissory note, and subsequently was declared a bankrupt in the State of Mississippi. Among the assets sold by his assignee was the note upon which this judgment had been previously obtained, and *Cotton* himself, after his discharge, became the purchaser. It is contended by the appellants that, *Cotton* assigned to his creditors only the note, which was a voluntary remission of the judgment, and that by his subsequent purchase he acquired only the note as an ordinary claim, without the privilege or mortgage resulting from the judgment. The note given by *Smalley* merged in the judgment obtained against him by *Cotton*, and could only have been again severed from the judgment by the reversal or recision of the latter. The assignment of the demand by the bankrupt, whether described in his schedule as a note or a judgment, vested it in the assignee in the form in which it existed at the date of the assignment. The note and the judgment being one and the same demand, the pretended remission of the judgment would have been a remission of the debt, and no such intention was evinced by the bankrupt. The erroneous description of the demand may have impaired its value at the sale, and, if fraudulently given, would be a just cause of complaint against the bankrupt, on the part of the creditors. They alone can take advantage of it, and they have not interfered or claimed protection. The demand is still a subsisting judgment debt of *Smalley*, and whether due to *Cotton* or his assignee, it is still entitled to its rank as a judicial mortgage on the tableau of distribution. *Cotton* appears as the owner of the claim, and to him the distributive share applicable to it was properly awarded.

III. *Messrs. Stacy* and *Sparrow* opposed the tableau on the ground that, they were not recognized as creditors for professional services rendered as attornies to the syndic. Their opposition was sustained, and the amount of their demand ordered to be paid. The appellants contend that the syndic imposed an unnecessary charge upon the estate of the insolvent by employing additional counsel, the services of an able attorney having been previously engaged, and that the creditors ought not to be taxed with this sum. · It appears that the greater part of the property of the insolvent was, for several years, involved in two suits, which were much contested both in the District and Supreme Courts; that *Mr.·Stacy* argued the causes in both courts, and rendered efficient and important services; that the judgments in both cases were in favor of the syndic, and that the fee claimed is very moderate. It is the duty of syndics to administer estates confided to their charge with strict economy, and from any abuse of their trusts in this respect the creditors should be relieved. But it cannot be considered, under the evidence in the present case, that the syndic has been guilty of an extravagant expenditure, or that he has exceeded the bounds of prudence in procuring such additional legal advice as he deemed necessary to protect the interests of the creditors. The opposition was, in our opinion, properly sustained.

IV. The credits placed on the tableau of $200, on ·each of the judgments in favor of *Cotton* and of *Oakey*, were properly stricken off by the district judge. Four hundred dollars was made by a sale on executions issued under these judgments. The sale was subsequently set aside, at the suit of the syndic. The property reverted to the estate of the insolvent, and the sheriff, who retained the price in his hands pending the litigation in regard to the validity of the adjudication, returned the money to the purchaser. The right of the purchaser to reclaim the sum paid by him, was expressly reserved in the decree annulling the sale. See *Lawrence, syndic·v. Bowman,* 6 Rob. 21

∴ V. The items for costs in the suits of *Oakey*, and *Cotton* v. *Smalley*, and for taxes for the years 1840, 1841, 1843, and 1844, are unsupported by evidence. These must be stricken from the tableau, reserving to the syndic the right of placing them upon a future tableau, and to the parties in interest the right of supporting them by evidence. We do not understand the judgment appealed from as granting a final discharge to the syndic, but merely a discharge so far as regards payments made under the authority of the decree itself.

It is, therefore, ordered that, the judgment of the District Court be amended, by allowing interest at the rate therein specified up to the day of the distribution of the proceeds of the property surrendered, on the sums decreed to be paid respectively to *S. W. Oakey* and *Co.*, to *Samuel Cotton*, to *Gasquet, Parish* and *Co.*, and to *Lambeth* and *Thompson*. That so much of said judgment as decrees $85 to be paid as the costs in the suit of *Oakey* v. *Smalley*, and $67 as the costs in the case of *Cotton* v. *Smalley*, and $104 34 as taxes, be reversed, and that said claims be rejected; reserving the right to the parties interested of causing them to be placed upon a future tableau. In other respects the judgment appealed from is affirmed; the costs of this appeal to be borne by the insolvent.