No. 3305

Second Circuit

D. R. SARTOR SONS & CO., INC., v. BROWN

(December 19, 1928. Opinion and Decree.)

Shotwell and Brown, of Monroe, and C. J. Ellis, Jr., of Rayville, attorneys for plaintiff, appellant.

George Wesley Smith, of Rayville, and Theus, Grisham and Davis, of Monroe, attorneys for defendant, appellee.

WEBB, J. D. R. Sartor Sons & Company, Inc., holding a note drawn by Ann Brown, of date March 16, 1926, for seven hundred fifty dollars, with eight per cent per annum interest, and stipulating for ten per cent per annum attorney's fees, payable to the order of the drawer on December 1, 1926, and by her endorsed in. blank, which was secured by a mortgage of same date on certain lands in Richland Parish, Louisiana, proceeded to foreclose via executiva for the amount of the note, interest and attorney's fees, less a credit of $294.00.

The land, having been seized and advertised for sale, H. C. Watson and J. S. Belcher presented a petition to the Court, before whom the proceedings were had, alleging that they were the owners of mineral rights in the lands, having acquired same by mesne conveyances from Ann Brown under conveyance of date subsequent to the act of mortgage under which the foreclosure proceedings were had, and prayed for and obtained an order from the Court directing the Sheriff to have the mineral rights appraised separately and the land to be first offered exclusive of the mineral rights and, in event of a bid for the land thus offered, being of an amount sufficient to satisfy the writ, for the mineral rights to be withheld from sale.

The Sheriff proceeded to have the property appraised as ordered and offered the land exclusive of the mineral rights, to which D. R. Sartor Sons & Company, plaintiff in execution, objected, announcing that the land was to be sold without reservations, and following, bid $1200.00, which being the highest bid, the property was adjudicated to it, D. R. Sartor Sons & Company, but the Sheriff, refusing to make the transfer without reservation of the mineral rights, D. R. Sartor Sons & Company filed a rule on the Sheriff to show cause why the land should not be

transferred without reservation of the mineral rights, to which the Sheriff excepted that the rule failed to state a cause of action, which being submitted was sustained, and judgment rendered discharging the rule, from which D. R. Sartor Sons & Company appeal.

The law does not prohibit the sale of lands subject to the rights of persons who may have acquired mineral rights thereon, and the Court issuing the order for the land to be offered and sold by the Sheriff without the mineral rights, had jurisdiction, and the offering having been made in accordance with the order, it does not appear that the Sheriff would have the authority to include in the transfer property which was not offered, and apparently plaintiff in the rule concedes as much, but contends that in view of the fact that Ann Brown, the mortgagor and defendant in execution, had intervened in the rule asking that the Sheriff be ordered to comply therewith, changed the situation, in that she was the only one interested.

However, the forced sale of property must be made in strict accord with the formalities of law (Lawrence vs. Young, 1 La. Ann. 297), and the order of the Court that the land be offered without the mineral rights, until set aside, was binding, at least as to the Sheriff, and the Sheriff, having offered the land without the mineral rights, the adjudication could be considered as covering only the property offered, and neither the defendant in execution nor the person to whom the adjudication was made, D. R. Sartor Sons & Company, could force the Sheriff to include in the act of transfer any other property than was offered.

It is therefore ordered that the judgment appealed from be affirmed.