Derbigny, J.
delivered the opinion of the court. This case was first submitted to this court without argument. Judgment was rendered on what appeared to be the only point in controversy. Ante 168. A rehearing having been granted, we will now proceed to examine the questions which have been raised.
The plaintiff and appellee is the bearer of some notes of hand, subscribed by Duncan and *362 Jackson, to the order of M'Master and Adams, and endorsed in blank by the payees. The subscribers having failed, the plaintiff demands to be admitted and classed among the creditors of their estate.
East'n District.
Feb. 1818.
The circumstances under which these notes are said to have been delivered to the plaintiffs, were mentioned by the defendants as facts formerly disclosed to the court in another case. The identity of the notes, however, not being established, and no evidence having been adduced in the present case to shew that the plaintiff is not the absolute owner of them, the court must disregard those allegations, and treat the plaintiff as the bearer and owner of the notes.
It appears that, on the trial below, the plaintiff contented himself with proving the signature of the subscribers, Duncan and Jackson, and omitted to identify that of the endorsers. It is not disputed that, in a suit against the subscriber of a note of hand, the bearer must prove the signature of the endorser; but the plaintiff thinks that this defect is cured by the admission made by the defendants in the statement of facts, that the notes shall be read in this court. Such admission, if unqualified, would probably cure any defect of proof with respect to the document agreed to be read, it necessarily implying *363 that the paper thus introduced is considered as legal testimony : but here the defendant has taken care. to admit these notes as evidence only so far as they purport to be made and signed by Duncan and Jackson, it being expressly declared in the statement of facts that no other proof than that of the signature of the makers was tendered. In the face of such a declaration, the agreement that the notes shall be read, cannot be construed as admitting not only the signature of the subscribers, but also that of the endorsers.
Ellery for the plaintiff, Duncan for the defendants.
We must, therefore, say, that the defect of evidence is not cured, and that the plaintiff, having failed to prove the signature of the endorsers of the notes, of which he claims the amount, cannot recover in this action.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and that judgment be entered for the defendants, as in a case of non-suit.