DerbignY, J.
delivered the opinion of the _ court. In this case a tableau of distribution of the monies, proceeding from the estate of Wil-liarn Goforth, an insolvent debtor, was filed by the syndics of his creditors, vmd was opposed by f tpem Antoine Curraby, who, as vendor * 9 J . Gf a house which constituted the principal part of . . . , „ .. the said estate, pretends to be entitled to the lull price of that house above all other priviUdges.
Carraby is not a creditor, who exercised the right of revendication, that is to say, of taking back his property in kind, without suffering it to be included in the common stock of all the creditors. He had no such right, because by selling on credit and delivering the possession, he had parted with the ownership of the thing, and vested it completely in the buyer himself, retaining only a lien on the property for the price of sale. Cur. Phil. 2, 12, 6.
At the auction of the property surrendered by Goforth, Carraby became the purchaser of the same house, and now refuses to pay any part of the price. But in order, the better to try this question, we will suppose that a third person has bought the property, and that the purchase money is now in the hands of the syndics, ready to be distributed among the creditors according to their rank.
The price of the house, together with the pro *521 ceeds of sale of some tracts of land on Lafourche, and of a lot of ground, in one of the suburbs of this city, constitute, according to the tableau, the common stock now ready for distribution —The first payment in order, is that of the expenses incurred to obtain a settlement of the estate of the insolvent; for they are in fact, debts contracted by the creditors themselves, none of whom ought to receive any thing, until they are satisfied.
In this case, the tableau exhibits a list of those expenses, such as notary’s fees, auctioneer’s commission, &c. to the payment of which there does appear to be any objection.
But the remuneration due to the attornies of the insolvent of the syndics, and of the absent creditors, and the commission of the syndics are not mentioned therein, and are included under the head of debts claimed by privilege, against which Antoine Carraby has pleaded that his own privilege is of a superior order.
It is clear, however, that the compensation for services rendered to the syndics is a debt due by the mass of the creditors ; that the commission of the syndics themselves is a claim of the same nature ; and as to the remuneration to which the attorney of the insolvent may be cmilled, it has been settled in the case of Marel vs the syndics of Misotiere, 3 Martin, 363, that such services are also to be considered, when useful to the ere- *522 ditors, as services done to themselves.—Is that - . ■ "⅜⅜ to be paid out of the common stock, as well as notary’s fees, auctioneer’s commission, Sic ? Evidently so. Either all, or none, of those who are employed in settling and liquidating the estate of the insolvent, must be paid. Those are all charges of the same kind, charges against the creditors generally. Carraby might have pleaded that these charges are not due, or that they are two high ; but to refuse payment altogether without alledging any other motive than that his privilege is of a superior rank, is to assign no very-intelligible reason. Does he mean to say that he ought not to bear any part of the expenses incurred by the body of the creditors? But suppose the vendors of the lands on Lafourche, and of the lot in the suburb were unpaid, and had raised the same pretension, what would have become then of the payment of expenses ? Was the notary who enrolled the meeting of the creditors, the attorney who conducted the proceedings, the clerk who recorded them, to receive no compensation for their services ? It can hardly be supposed that Carraby’s plea intends to convey any such idea.
The expenses must be paid, and if Carraby, instead of being called upon to surrender their amount, was now requiring the syndics to deliver him the full price for which the house was *523 sold, they would have a right to withhold it, until it might be ascertained whether enough cOuld be raised out of the personal estate and uuincum-bered property of the insolvent to pay the expenses. But the syndics demand of Carraby the purchase money of his house in order to pay those charges, ought he not to be authorised to retain it, until they can satisfactorily shew that they have not been able to raise any other funds out of the insolvent’s personal estate and unin. cumbered real property ? We are of opinion that he ought.
The only other items in the list of priviledged debts, besides that of Carraby as vendor, are claims for repairs done to the house. Those seem to have been left for further investigation, and to be unconnected with the object of the present appeal.
It is ordered, adjudged and decreed, that the -judgment of the parish court be reversed ; and this court, proceeding to give such judgment as, in their opinion, ought to have been given below, do order and deebee, that the expenses incurred towards liquidating ths estate of William Goforth, including therein the compensation awarded to the attorney, employed by him and his syndics, and the commission of the said syn-dics on the goods by them administered, be paid *524 out of the personal and unincumbered real pro. perty of the said Goforth ; and should these prove insufficient, after due diligence shewn on the part of the syndics to collect them, then out of the remainder of the estate of said insolvent in the hands of Antoine Carraby, and that the appellants pay all costs.
Morel for the claimant, Carleton for the syn-dics.