MICHOT *vs.* FLOTTE'S ADMINISTRATRIX.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Sustenance for the year of mourning can only be claimed by a widow who has brought dowry to the marriage. It is allowed as compensation for the delay in receiving back her dowry, if she prefers it to the interest.

The functions of an administrator, do not, like those of an executor, cease at the end of the year, but continue until the administration of the estate is finished.

On the 27th of August, 1834, Honoré Flotte died *intestate,* in the city and parish of New-Orleans, leaving a widow of the second marriage, pregnant, and five children by his first marriage, all minors.

On the 13th of September, the widow was appointed administratrix of the estate of her deceased husband, and V. A. Michot, tutor to the minor children of the first marriage. *On the 14th of October following,* the widow was delivered of a posthumous male child, and she was legally recognized as its natural tutrix.

At the close of the year the administratrix rendered a provisional account of her administration, and prayed to be prolonged in office, until the administration was completed.

Michot, the tutor of the minor children, made opposition, and charged the administratrix with being illegally appointed in the first instance, and opposed her re-appointment. He also opposed several items in her account, and particularly one in which she credited herself with four hundred dollars, for her support and sustenance during the year of mourning, under the article 2353 of the Louisiana Code. There was also a general charge of mal-administration and unfitness for the office of administratrix.

On an examination of the evidence of the case, the judge of probates was of opinion, that the administratrix had been properly and regularly appointed; that she had faithfully

administered, and that the estate was far from being settled; and it was indispensable that she be prolonged in the office. The opposition was overruled, and the opponent appealed.

*Roselius* and *Buchanan*, for the appellant, contended, that it was shown, the widow had brought no dowry into marriage, and the law was clear, that in such a case, she was not entitled to claim any thing for sustenance or support, during the year of mourning. She is neither entitled to sustenance, habitation, or mourning dresses, during the year which follows her husband's decease, when she has brought no dowry. 3 *Louisiana Reports*, 154, 466.

2. The application for a continuance of the administration is opposed, principally, on the ground, that the original appointment was illegal. No person but the tutor could have been legally appointed, as he was empowered to administer on behalf of the minor heirs. All the proceedings with respect to the appointment are illegal, and a renewal would but continue this erroneous course. The prolongation of the term is claimed, under article 1042 of the Code. This article relates to curatorships of vacant estates, and can have no bearing on the present question. The cases in which administrators are to be appointed, are enumerated in the *Louisiana Code, articles* 1029, '30, '31, '32 and '34. These articles must be construed in connection with *articles* 327, 333, '4, '5, '6 and '7, relative to the duties of tutors; and they bring us to the conclusion, that no administrator could legally be appointed in this case.

*Canon, contra.*

*Martin, J.*, delivered the opinion of the court.

On the death of Flotte, the husband of the defendant, the plaintiff was appointed tutor to his children by a former wife. The defendant was appointed administratrix of the estate of her deceased husband; and shortly after, she was delivered of a posthumous child, to whom she was appointed tutrix. At the expiration of one year, from her appointment as

EASTERN DIST.
March, 1838.

MICHOT
vs.
FLOTTE'S ADM'X.

administratrix, she presented her account, which was approved by the court, and she was continued in the administration.

The plaintiff is appellant from the judgment which approved her account, and continues her in the administration. The only item of the account of which he complains, is that in which she credits herself with the sum of four hundred dollars, for her support during the year of mourning.

It appears to us, the allowance was incorrectly made. The Code, 2353, under which the sustenance is claimed, allows it only as a compensation to the widow, for the delay in receiving back her dower, if she prefers' that sustenance to the interest on the dower. It can only be claimed by a widow who has brought a dower. *Hagan et al.* vs. *Sompeyrac et al.*, 3 *Louisiana Reports*, 154. *Pool* vs. *Pool*, 3 *Ibid.*, 466.

In the present case, no dower had been brought.

The original appointment of defendant, as administratrix, was regular. The cases in which an administrator is to be appointed to an estate, are:

1. When the creditors call upon the heirs to accept or repudiate the estate, and they ask time to deliberate; *Louisiana Code, article* 1034; or accept with benefit of inventory. *Ibid., article* 1051.

2. When creditors accept a succession, repudiated by their debtor. *Ibid., article* 1065.

Flotte, having left minor children by his first wife, the succession could not be regularly accepted for these heirs, except with the benefit of inventory. An administrator was therefore correctly appointed, and as the plaintiff, tutor of these children, did not seek to be appointed administrator, the defendant, in the right of the posthumous heir, was appointed. If she was not correctly so at that time, she became entitled to the administration on the birth of her child, as its tutrix.

The functions of an administrator of an estate, do not, like those of an executor, cease at the end of the year, but continue until the administration of the estate is finished.

*[Margin notes:]*

Sustenance for the year of mourning, can only be claimed by a widow who has brought in dowry to the marriage. It is allowed as compensation for the delay in receiving back her dowry, if she prefers it to the interest.

The functions of an administrator do not, like those of an executor, cease at the end of the year, but continue until the administration of the estate is finished.

It was unnecessary that she should procure herself to be continued in the administration ; but in granting her request, the court did nothing more than what the law had done.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be annulled, avoided and reversed, and that the item of four hundred dollars, in administratrix's account, for one year's sustenance, &c., be stricken out, and that the account thus altered, he approved ; the costs of the appeal to be borne by the estate.