## SUCCESSION OF HOLBERT.

The privilege acquired by a creditor, under art. 722 of the Code of Practice, by the seizure of real property of his debtor under a *fi. fa.*, must be postponed, in case of the subsequent death of the debtor, to those for funeral and law charges and for the expenses of the last illness of the debtor. But the moveables of the succession must be exhausted before the immovables can be resorted to, for personal and law charges, and the expenses of the last illness. C. C. 3220, 3233, 3236.

A surviving wife can claim to be supplied with mourning apparel at the expense of the succession, only where there has been a constitution of dowry. Art. 2353 of the Civil Code applies only to such cases.

Though an administratrix was authorized to employ counsel, and the amount allowed by the judge, in homologating a provisional tableau and distribution, appears to be just, the services having been necessary for the settlement of the succession, and rendered for the general benefit of the creditors who are bound to remunerate the attorney, yet where no contract is shown for a fee, and no sum appears to have been paid to the attorney, and the claim is presented in the shape of an allowance, courts will be prohibited from making it, by art. 71 of the Constitution.

APPEAL from the First District Court of New Orleans, *McHenry*, J.

*Hornor*, for the appellants, as to the right of the widow to claim from the succession of the husband an allowance for mourning dresses, relied on C. C. arts. 2353, 2389, 2391 ; 3 La. 154, 465 ; 12 La. 129 ; contending that such an allowance could only be made where there was a dowry.

*Collens*, contrâ, cited. to the same point, 14 Toullier, no. 279.   13 Ibid. 243. 14 Duranton, 467.   19 Ib. 47.   Boileau, Comm. on Code Nap. art. 1570.   10 Mart. 188.   C. C. 2353.

The judgment of the court was pronounced by

KING, J. The administratrix of *Holbert* presented a provisional tableau of distribution, which was opposed by *M. L. Dawson & Co.*, who allege that they are creditors of the deceased. The grounds of opposition are: 1st. That the opponents have not been recognized as creditors, with the first privilege for the amount of their demand. 2d. That the sum proposed to be paid for funeral expenses is excessive. 3d. That the sum allowed to the widow for mourning dresses, is unauthorized by law. 4th. That the fee awarded to counsel of the succession is excessive, and not entitled to a privilege as a law charge. Other items of minor importance were also opposed. The oppositions to several of the charges were partially sustained ; but the opponents, being dissatisfied with the relief given them, have appealed.

*Holbert* was the surety on a twelve months' bond, taken under a judgment

obtained by *M. L. Dawson & Co.* An execution issued on the bond, in virtue of which a lot of ground was seized by the sheriff, but, before a sale could be effected, *Holbert* died. His administratrix took possession of his property, consisting principally of the lot of ground in question, then under seizure, and a few moveable effects, sold them, and, in the tableau now presented, proposes to distribute the proceeds among the creditors according to their respective privileges. By the proposed distribution, the entire fund in the hands of the administratrix is absorbed by claims which are recognized as superior to that of the opponents. The demand of the opponents has been satisfactorily proved, and by their seizure they were invested with a privilege, which attached to the proceeds of the property when subsequently sold by the administratrix. C. P. art. 722. 3 Rob. 106. They contend that this privilege upon the price of the lot is superior to all others. The position is clearly untenable. The privileges for funeral and judicial charges, and for the expenses of the last illness, extend both to moveables and immovables. These charges are to be first paid, although it may be to the exclusion of privileges of anterior date, and only yeild to certain privileges specially enumerated in the Code. The privilege acquired by the opponents in virtue of their seizure falls within none of the excepted instances. It has been correctly urged, however, that the moveables must be first exhausted, before the immovables can be resorted to, to pay privileged claims for funeral expenses, law charges and expenses of the last illness. C. C. arts. 3220, 3233, 3236. The tableau exhibits at present but $37 05, in the hands of the administratrix, derived from the sales of moveables; but it discloses the existence of demands for collection, from which the representative expects at an early day to realize a sum which will be more than sufficient to pay all the claims which we consider entitled to privilege. Those funds must first be applied to that purpose, and, in the event of a deficiency, the privilege of the opponents must yeild, and the fund derived from the sale of the land be made to contribute to the general privileges. Under these circumstances the tableau was prematurely presented, and the cause must be remanded, for the purpose of enabling the administratrix to file a further tableau, exhibiting the amount derived from collections of dues to the succession. This disposition of the cause becomes necessary to prevent the privilege of the opponents from being defeated or impaired, and no serious inconvenience can result from it, as the administratrix declares her expectation of being immediately placed in funds, which we consider to be first applicable to privileges which may come in conflict with that of the opponent. Vide also Persil, Priv. and Hyp. pp. 21, 22. Troplong, Priv. and Hyp. vol. 1. no. 251.

The opposition to the claims for mourning apparel for the widow and daughter of the deceased, ought to have been sustained. Art. 2353 of the Code, relied on in support of the claim, has been repeatedly held to apply only to cases where there has been a constitution of dowry. The question can no longer be considered open. 3 La. 154, 465. 12 La. 129. The widow, in the present instance, appears to have brought no dower into the marriage.

The funeral charges amount to $441 75. This expenditure is extravagant, when the station of the deceased, and the estate which he left are considered. These charges were properly reduced by the judge to $200. C. C. arts. 3160, 3161.

The opposition to the fee of the counsel for the administratrix ought, in our opinion, to have been sustained. The administratrix, it is true, was authorized to employ counsel, and the measure of compensation fixed by the judge appears

to us just, under the evidence. The services were necessary for the settlement of the succession, and for affecting a distribution, and were rendered for the general benefit of the creditors, who are bound to remunerate the attorney. 3 Mart. 363. 10 La. 440. But an insuperable objection offers itself to our affirming the judgment in respect to this item, in the form in which the claim is presented. No contract is shown for a fee, and no sum appears to have been paid to the attorney. It comes before us in the shape of an allowance, which courts are prohibited from making. Constitution, art. 71. *Pandelly* v. *His Creditors,* 1 Ann. R. 22. *Landry* v. *His Creditors,* Ib. 38. *Succession of Asbridge,* Ib. 207. *Succession of Rolland,* Ib. 225.

The sum awarded to the appraisers was also an unauthorized allowance. 1 An. R. 207. When properly presented and proved, it will rank as a law charge.

The account of the notary for making the inventory is not satisfactorily proved. When established, this claim will also be entitled to privilege, as a law charge. C. C. art. 3164.

The remaining items of the tableau, ordered by the judge to be paid, are sustained by the testimony, and properly classed.

It is, therefore, ordered that, the judgment of the District Court be reversed. It is further ordered that the case be remanded for the purpose of enabling the administratrix to file an additional tableau, and for further proceedings in conformity with the principles expressed in the foregoing opinion. It is further ordered that the funeral expenses of the deceased be restricted to $200 ; that the following claims figuring on the tableau heretofore filed be recognised and paid in due course of administration, viz., the sheriff's and clerk's fees up to the filing of the tableau, amounting to the sum of $45 17, *Magore & Weiss,* $4, and Doctor *A. Mercier,* $90; that said claims be paid according to their respective privileges as classed in the tableau heretofore filed; and that the moveable property of the succession be first applied to the payment of said privileges, and such other privileged claims of the same character as may hereafter be presented and proved ; and, in the event of the moveables being insufficient for that purpose, then the proceeds of the real property are to be applied to the payment of said claims ; that *M. L. Dawson & Co.* be recognized as judgment creditors of the deceased for $2042 10, with interest at five per cent from the 12th of May, 1845, until paid, with a privilege over all other creditors of the deceased who have thus far presented themselves, except those for funeral and law charges and expenses of the last illness, on the sum of $510 arising from the sale of a lot of ground ; that the claims for the mourning apparel of the widow and child of the deceased be rejected ; that the claims of the attorney for professional services, of the notary, and of the appraisers, be rejected, without prejudice to their rights to cause the same to be proved on a future tableau and to be paid according to their respective ranks as preferred claims. It is further ordered that the following claims be recognized as ordinary debts and paid as such in course of administration, viz: the claim of *A. Brodwick* for $15, of *J. Kealy* for $38, and of *J. Drux* for $7 18 ; and that the succession of the deceased pay the costs of this appeal.