## SUCCESSION OF P. O. LAUVE.

Succession charges, inuring to the benefit of all parties concerned, are of higher dignity than and (unless in an exceptional case) are to to be paid before those of the deceased or the insolvent.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *J. E. Wallace*, for McCloskey & Wallace, appellants. *E. Bermudez*, for F. Labatut. *L. Castera*, for appellee.

ILSLEY, J. In the provisional tableau, filed in the Second District Court of New Orleans by the administratrix of the succession of P. O. Lauve, Felix Labatut and James McCloskey, are recognized, severally, as creditors of the deceased—the former with the privilege of vendor on certain immovable property, and the latter with a special mortgage on certain other immovable property, sold judicially, and with each of these creditors, a separate account is stated in and made a part of the tableau.

By these separate accounts, the proceeds of the sales of 'these immovables, so respectively encumbered, are, with certain deductions for superior claims stated in the accounts allowed to these creditors. They object to these deductions being made to their prejudice, and by way of opposition they say, that there is other property in the succession not accounted for, and that this property and the cash assets in the hands of the administratrix must be first applied in satisfaction of the special privileges bearing on the property affected to them, before any portion of the said proceeds of sale can be applied to the payment of any other than their respective claims,

The only assets, besides those resulting from the sales of the immovables affected as before stated, proceed from the sale of the movables and some rents collected; and these assets are insufficient to pay, in full, the general privilege and succession charges, and hence the necessity for a contribution, charged pro rata to the fund claimed by Labatut, and to that claimed by McCloskey.

The creditors specially oppose certain charges identified on the tableau by the numbers 8, 11, 12, 13 and 14, and which they say are not privileged—that of the auctioneer, No. 14, being opposed as exorbitant.

These items are sustained by the Court below, except those numbered 11, 12 and 13, and which were properly rejected as privilege claims. Now, did the Court below err in allowing the item No. 14, the auctioneer's account, which was sufficiently proved?

As to the claim of L. Castera, the attorney of the succession, not objected to as to amount, it was, with the following modification, properly allowed as a *succession* charge. See the cases of *Succession of Whitehead*, 3 An. 396; *Succession of Vand*, 11 An. 298; *Bodelle* v. *Pu*, 6 An. 135; and *Cross* v. *Shaffer*, 13 An. 110.

In *Graham* v. *Friend's Administrator*, 10 La. 440, it was decided, that succession charges, inuring to the benefit of all parties concerned, are of higher dignity than and (unless in an exceptional case) are to be paid before those of the deceased or the insolvent.

"Qui sentit commodum, sentire debit et onus." See also the case of *Morel* v. *Misotere's Syndic*, 3 Martin, 363—quoted in *Graham* v. *Friend's Administrator*.

The principle invoked by Labatut resting on special legislation (see Article 3234, C. C., and *Marsh* v. *His Creditors*, 11 An. 469), that the fees of the counsel of the succession, as an expense of administration, shall take precedence of his privilege as vendor cannot be controverted; and so far as the Labatut fund is made by the account to contribute anything for that purpose, he was properly relieved by the Court a qua; and this is admitted by the counsel himself, who undertakes, that the contribution charged to Labatut shall be deducted from his fees, so far as to give this charge for contribution preference over his claim.

The deductions from the Labatut fund were not made to meet general privileges or succession charges, but to pay taxes legally assessed against the very property affected to him, and taxes which, by the law, bore on that property, or the proceeds, a privilege higher than his own. See Act of the Legislature, 1855, No. 346, page 512, sec. 43; Act 1856, No. 160, page 160, sec. 110; Act 85, No. 57, page 57, sec. 3 and 4. And the same may be said of similar charges deducted from the McCloskey fund.

As to the amount due to Wallace, also an opponent who prosecuted, as McCloskey's attorney, his mortgage claim at the expense of the mortgagor, by special stipulation in the act of mortgage, which was really $592 10, and not $500, allowed him by the Court below, that is deducted

from and to be paid out of the proceeds of the property affected to McCloskey at his own request.

The contributions charged in the tableau to the Labatut and McCloskey funds, by deducting the items Nos. 11, 12 and 13, which amount, together, to $123 67; and by adding to the cash assets $200 for rents collected, but omitted, are thereby reduced to $192 16, of which sum, $131 37, must be paid out of the fund allowed L. Castera, and in preference to him, and $60 79 out of the McCloskey fund by preference to him.

The Court below dispensed both the Labatut and McCloskey fund from any contributions, but the Court was in error in supposing that certain items disallowed by it increased the fund needed for general privileges, etc., as the items so rejected were not classed as privileged.

It was shown upon the trial of the oppositions, that the deceased had been a partner of a commercial firm, and was, at the time of his death, a partner in another commercial firm; and that the affairs of these partnerships were in the course of settlement, and had not been liquidated, but the testimony showed it to be extremely improbable than anything would ever accrue to the succession from either of those partnerships.

Be this as it may, all the rights of creditors to any fund or property hereafter realized, whether proceeding from those sources or from any other, will be, in no manner, affected by the decree now rendered, which merely regulates the disposal of the cash assets in the hands of the administratrix.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court, so far as it sustains conformably to the decree the items in the tableau charged as general privileges or succession debts, and so far as it requires the administratrix to account for and put on the tableau, as cash assets, the sum of two hundred dollars for rents received by her, but omitted on the tableau; and so far as it recognizes the deductions made from the Labatut and McCloskey funds in these separate accounts to pay privilege claims bearing on the property affected to Labatut, and on that affected to McCloskey, which are superior to their own claims on said funds; and so far as it dispenses the Labtut fund from any contribution for general privileges or succession charges, be and the same is hereby affirmed; otherwise, but so far only as it passed on the funds now disposed of and distributed, that the said judgment be, and it is avoided, annulled and reversed.

It is further ordered, that J. E. Wallace, the opponent, be recognized as a creditor of the deceased for the sum of five hundred and ninety-two dollars and ten cents, and that the sum be paid in preference over McCloskey, out of the proceeds of the property mortgaged to him.

It is further ordered, that there be deducted from the amount allowed as a succession charge to L. Castera, the attorney of the succession, the sum of one hundred and thirty-one dollars and thirty-seven cents, to pay the contribution charged to Felix Labatut—which sum, now deducted,

will still be due to Castera by the succession ; and further, that there be deducted from the McCloskey fund, the sum of sixty dollars and seventy-nine cents, as pro rata contribution to pay privilege and succession debts.

And it is finally ordered, that the tableau, with the separate accounts of Labatut and McCloskey as parts thereof, as amended by the judgment of the District Court, and by the decree of this Court, be and it is hereby homologated and made the final judgment of the Court.

It is further ordered, that the succession of P. O. Lauve pay all costs in both Courts.