GUSTAVO RODRÍGUEZ ACEVEDO, Plaintiff and Appellee, *v.* SOLI-VELLAS & Co., SUCCRS., Defendant and Appellee; THE NATIONAL CITY BANK OF NEW YORK, Intervener and Appellant.

No. 6592.   Argued April 26, 1935.—Decided February 26, 1936.

*Fiddler, Córdova & McConnell* and *Jorge M. Morales* for appellant. *José A. Poventud* and *Alberto S. Poventud* for plaintiff-appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Gustavo Rodríguez sued in the District Court of Ponce the firm of Solivellas & Co., Succrs., a mercantile partnership, to recover rentals on a lease and compensation for damages, and in order to secure any judgment in his favor, he obtained an attachment on any right, interest, equity, share, or balance to which the defendant might be entitled in a mortgage credit constituted to secure the payment of $10,671.11 as principal, $6,000 as interest, and $1,000 for costs, by Encarnación Morales de Barreto in favor of the partnership Solivellas & Co. on a certain plantation located in the Municipalities of Yauco and Maricao.   Upon the dissolution of said

partnership, said mortgage credit was allotted to the partner Loreto Viqueira who contributed it as his share to the assets of the defendant mercantile firm, constituted by public deed No. 59 of March 7, 1930. The mercantile firm conveyed the said credit to the Crédito y Ahorro Ponceño to secure $3,800, so that there was left a balance or equity in favor of the defendant on which the attachment was levied, notice being served on the bank on December 9, 1932, to retain the same at the disposal of the marshal who in turn should hold it at the disposal of the clerk of the court, pending a decision in the action.

At this stage, The National City Bank of New York, on December 28, 1932, asked leave, which was granted, to intervene in the action, on the ground that by deed No. 24 of July 19, 1932, the attached balance amounting to $7,671.11 had been assigned and submortgaged (*subhipotecado*) to it by the defendant to secure $38,000.

The case went to trial and on October 2, 1933, the court rendered judgment dismissing the complaint in intervention, with costs.

Feeling aggrieved by that judgment, the intervener bank appealed. In its brief it assigns five errors which it claims were committed by the trial court in holding that by the deed of July 19, 1932, no lien whatever on the property attached by the plaintiff on December 9, 1932, had been conveyed; in failing to hold that there was an equitable lien on the attached property in favor of the intervener; in holding that equitable liens are not recognized in Puerto Rico; in holding that the attachment had preference over the lien; and in rendering judgment for defendant in the intervention proceeding.

█ In its statement of the case and opinion the trial court said:

"For greater clearness we shall immediately transcribe the first clause of deed No. 24 of July 19, 1932, on which the intervener bases its complaint.

"Said clause literally reads as follows:

" 'FIRST: Mr. Antonio Viqueira y Solivellas, acting as the agent and in behalf of the regular general mercantile partnership "Solivellas & Compañía, Sucesores", mortgages (*subhipoteca*) to the National City Bank of New York the credit secured by the mortgage constituted in favor of said partnership by Doña Blanca, Doña Clara, Doña Esther, Doña Laura, Doña Mercedes and Monserrate Mariani y Bartoli, by deed number twenty-six, executed on April second, one thousand nine hundred and thirty-one before Notary Luis Angel Limeres of San Germán, the provisions have been transcribed in the THIRD PARAGRAPH OF THIS INSTRUMENT, to secure the payment at maturity of any sum, up to the amount of said mortgage and the interest thereon, that might be due and owing to The National City Bank of New York at any time, until full payment of the present obligation amounting to THIRTY EIGHT THOUSAND DOLLARS and of any further sum that The National City Bank of New York might lend to the partnership Solivellas & Compañía, Sucesores.

"At the time the deed number 24 of July 19, 1932, was executed and a submortgage (*subhipoteca*) constituted by Solivellas & Co., Sucrs. in favor of the intervener, The National City Bank, Solivellas & Co. really conveyed nothing to The National City Bank, for Solivellas & Co., Sucrs. had already assigned, by deed number 16 of April 12, 1932, the mortgage to the Crédito y Ahorro Ponceño, Inc. 'Submortgage (*subhipoteca*) is the mortgage of a mortgage right, or rather a mortgage constituted on another mortgage.' (29 *Enciclopedia Jurídica Española*, p. 133.)

"In the first place, Solivellas & Co. could not constitute a mortgage on another mortgage which no longer belonged to it, nor could it assign any right by means of such submortgage, for *nemo dat quod non habet*. (*Blanco* v. *Registrar of San Juan*, 28 P.R.R. 159; *Borrero* v. *Borrero*, 32 P.R.R. 180; *Mitchell* v. *Amador Canal & Min. Co.*, 75 Cal. 464, 17 Pac. 246.)

"Section 1756 of the Civil Code of Puerto Rico, (1930 edition), provides among others, as an essential requisite of a mortgage contract, that the thing mortgaged be owned by the person who mortgages it.

"Furthermore, said submortgage was not validly constituted, inasmuch as the instrument wherein it was embodied was not recorded in the registry of property.

"In support of its right of priority the intervener National City Bank alleges in its brief that the right constituted in its favor is in

the nature of an equitable lien. But the doctrine of equitable liens invoked by the intervener is not in force in Puerto Rico. In Puerto Rico just as in the State of Louisiana, no legal existence is recognized to implied liens, created by presumptions, such as equitable liens. *Estate of Romero v. Willoughby*, 10 P.R.R. 69; *Ramis v. The Registrar*, 19 P.R.R. 712; *Young v. Teutonia Bank & Trust Co.*, 134 La. 879, 64 S. 806; *Landry v. Blanchard*, 16 La. Ann. 173; *Fiol v. Grant*, 17 La. 158; *Montilla v. Van Syckel et al.*, 8 P.R.R. 153; *Roméu v. Todd*, 206 U. S. 358, 51 L. ed. 1097.

"The court concludes that the intervener National City Bank of New York has failed to show or prove in any manner whatsoever the right of priority alleged in its complaint in intervention."

We shall not follow the parties throughout their full and interesting arguments as to whether or not we have in this island the so-called equitable liens. We shall endeavor to decide the question involved in accordance with the facts and the law, and if there is no statute applicable to the case at issue, then "natural justice as embodied in the general principles of jurisprudence, shall be taken into consideration," as prescribed by section 7 of our Civil Code (1930 ed.).

That a valid submortgage was not constituted in favor of the intervener by the deed of July 19, 1932, can not be disputed. The intervener itself so acknowledges, but it contends that the intention of the parties, such as appears from said instrument, was the securing of the debt which the defendant partnership had contracted with the intervener, with any balance which might be left after the collection by the Crédito y Ahorro Ponceño of its credit, and in this respect it calls attention to the fourth clause of the deed, which textually reads as follows:

"FOURTH: That in the liquidation of the partnership Solivellas & Company there was assigned to Mr. Loreto Viqueira y Villanueva a mortgage credit in the sum of TEN THOUSAND SIX HUNDRED SEVENTY-ONE DOLLARS AND ELEVEN CENTS, which was constituted by a deed number seventy-one of the sixth of June of the year one thousand nine hundred and twenty-eight, executed by Encarnación Morales de Barreto and her children in favor of Solivellas & Company, before Notary Tomás Paz Ruiz, which credit was submortgaged (*subhipo-*

*tecado*) to the Crédito y Ahorro Ponceño to cover the amount of three thousand dollars, the balance of said credit belonging to the aforesaid partnership, namely the sum of SEVEN THOUSAND SIX HUNDRED SEVENTY-ONE DOLLARS AND ELEVEN CENTS."

And in our judgment the intervener is right. The substance and not the name is what counts. The intention, the truth, must prevail. And the actual fact is the constitution of the security upon the balance of the mortgage, that is to say, exactly on the amount afterwards attached by the plaintiff herein.

█ █ The attachment of the plaintiff was levied on December 9, 1932, some months after the so-called deed of submortgage was executed in favor of the intervener.

This court held in *Hidalgo* v. *García de la Torre*, 4 P.R.R. (2), 64, that: "The cautionary notice of attachment granted by judicial decree and entered in the registry of property is intended solely to guarantee the results of a trial, and does not alter the nature of obligations, nor convert a personal action into a mortgage action, its only effect being that the creditor who obtains it in his favor shall have preference only with regard to the property entered, over those who have another claim against the same debtor contracted on a date subsequent to said entry."

Applying the above rule to the instant case, it must be concluded that as whatever preferential right that the plaintiff might invoke must be with regard to claims of equal nature contracted on a date subsequent to that of the attachment, and as the claim of the intervener was previously acknowledged in an authentic manner in a public instrument, such right has no priority over said claim.

Section 1824 of the Civil Code (1930 ed.) reads as follows:

"With regard to all other personal and real property of the debtor, preference shall be given to:

" 1. . . . . . . . . . .
" 2. . . . . . . . . . .
" 3. . . . . . . . . . .

"4. Indebtedness which without a special privilege appear:

"(a) In a public instrument.

"(b) In a final judgment, should they have been the object of litigation.

"These credits shall have preference among themselves according to the priority of dates of the instruments and of the judgments."

And even if that provision were not applicable in the present case, the latter should always be decided in favor of the intervener, in accordance with the principle of law "*Qui prior est tempore potior est jure*," in regard to which the Supreme Court of Spain, in a judgment of May 10, 1881, held as follows: "Where ordinary personal claims are involved, that which is prior in time should be reimbursed first, and failure to do so is an infringement of the juridical principle: *qui prior est tempore potior est jure*." Scaevola, Civil Code, vol. 2, Appendix, p. 192.

The conclusion reached by us does not mean that we uphold the validity of hidden liens. Not at all. Our legal system aims at the greatest clearness, at the greatest possible certainty in business transactions. The decisions have established the scope of the right acquired through an attachment. Had the attached property been previously sold or mortgaged by the debtor, the sale would have completely defeated, and the mortgage would have restricted, the right of the attaching creditor. Here the defendant debtor had already formally disposed of the balance attached by the plaintiff creditor, in order to secure another obligation already contracted with the intervener at the time the attachment was levied. This being so, the attachment is valid only as regards any balance left after cancelling the former security.

And this is logical and fair. The plaintiff is not a third person. If the balance had been lawfully disposed of before the intervener had sought to enforce his claim, the latter could not enforce the same as against the lawful purchaser. But such balance had not been disposed of. It had merely been attached at the time the intervener's claim was filed.

As attachments are levied on actual property, any right of the plaintiff must yield to the right actually and authentically established in the instant case by the intervener.

For the reasons stated the judgment appealed from must be reversed and another rendered for the intervener, without special imposition of costs.

Mr. Justice Córdova Dávila took no part in the decision of this case.