*HARRISON & AL. vs. FAULK & AL.*

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

A party evicted by a superior title, and who does not claim of the successful claimants the value of the improvements they have put on the land, cannot recover of a subsequent purchaser of the claimant the value of such improvements.

There is no privity of contract between the parties, after the lands have passed into the hands of subsequent purchasers ; and the party evicted has no lien or tacit  mortgage on the land for the remuneration of expenditures for the amelioration or value of the improvements put on the land.

The present plaintiffs were sued and evicted from their possession of 240 arpens of land by Arpines' heirs.  They omitted in their defence to claim the value of the improvements they had put on the land, and which had not been allowed in the judgment and eviction.  Arpines' heirs sold

the land and improvements by them recovered, to the defendants, who dispossessed Harrison and wife without paying them for their improvements. This suit is brought to recover them from the present defendants as the actual possessors, &c.

There was judgment of non-suit against them and they appealed.

*Winn* for the plaintiff; insisted that the claim for improvements is a real right following the land, and must be paid for before the land can be taken, &c. La. Code. Art. 3416. *Poth. de prop.* No. 344–5. 9 Mar. 348. La. Code 2012. 3413.

*Flint and Downs for defendants.* The plaintiffs have lost all right and claim to damages for improvements put on the land, by suffering possession to be taken from them without asserting such claim. They can have no tacit lien or mortgage for remuneration, when no claim is asserted in the suit of eviction. La. Code. 3288–9.2007.

*Martin J.* delivered the opinion of the Court.

The plaintiffs claim the value of improvements made by them, while they were *bona fide* possessors of a tract of land which has since been recovered from them by the legal owners of it, the heirs of Arpine : and who afterwards sold it to one of the defendants, with all the improvements, without any mention or notice of the plaintiff's claim. He resisted it on the ground of absence of any liability on his part. The other defendant disclaimed any right and avowed himself the tenant of his co-defendant. There was judgment against the plaintiffs and they appealed.

A party evicted by a superior title, and who does not claim of the successful claimants the value of the improvements they have put on the land, cannot recover of a subsequent purchaser the value of such improvements.

There is no privity of contract between the parties, and if the plaintiff's claim succeeds it must be on the ground that the claim entitles them to a legal or tacit mortgage. But there are now no such mortgages—except in the cases in which it is recognised in the new Civil Code. Articles— 3280—3288. The present is not one of these.

There is no privity of contract between the parties, after the lands have passed into the hands of subsequent purchasers; and the party evicted has no

Western District.
*October*, 1830.

HARRISON & AL.
*vs.*
FAULK & AL.

lien or tacit mortgage on the land for the remuneration of expenditures for the amelioration or value of the improvements put on the land.

A claim for the value of improvements gives no real action. La Code 2007, 2009, 2010 and 2014. The cases of Labrie vs. Filiol—9 Mar. 348—and Stafford vs. Grimball. 1 Mar. N. S. 554, do not support the plaintiff's pretentions. In the first the improvements had not been sold with the premises. In the second there was a stipulation and charge imposed on the premises.

Both of these cases were decided before the promulgation of the new Civil Code of Louisiana.

It is therefore ordered, adjudged and degreed, that the judgment of the District Court be affirmed with costs.