WESTERN DIST.
October, 1831.

HAGAN ET ALS. vs. SOMPEYRAC ET ALS.

HAGAN ET ALS.
vs.
SOMPEYRAC
ET ALS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF NATCHITOCHES.

Creditors who have made advances to a planter on the faith of a letter, pledging his crop then growing, cannot claim a privilege on the proceeds of the crop sold by the syndic of the planter and debtor.

If the advance made by the creditor has been employed to take up a note of the debtor in bank and secured by a mortgage, he might have insisted on being subrogated to the rights of the bank against the debtor, and in doing so, would have had a mortgage on the debtor's plantation, but no privilege on the crop growing.

There was no antichresis or pledge in this case, but only a promise of payment out of the proceeds of the crop, which the creditor was not authorised to enter upon the land and reap the fruits until he was paid.

Property in expectancy may be the object of a contract of sale, but not of pledge, as the latter requires delivery.

The state has no privilege for taxes due it by any of its delinquent debtors.

The widow's claim for sustenance, habitation and mourning dresses on the estate of her deceased husband, is only allowed in cases where the wife brought a dowry, and when she relinquishes the interest arising on it the first year.

In June, 1828, Ambroise Sompeyrac, syndic of Luke S. Hazleton's estate, filed his tableau of classification of the claims and debts due by the insolvent's estate, and prayed its homologation.

The plaintiffs were placed on the tableau as chirographic creditors for one thousand and twenty-five dollars and two hundred and sixty-eight dollars. They opposed its homologation on the ground that they are privileged creditors, having a lien and privilege on the crop of the deceased for the year 1826, in consequence of advancing the one thousand and twenty-five dollars on the express and written agreement to that effect, and for the two hundred and sixty-eight dollars for articles advanced during the year, and which were to be paid for out of the crop. The crop is alleged to have been

sold as a part of the succession for one thousand five hundred dollars. This fact is admitted.

WESTERN DIST.
October, 1831.

HAGAN ET ALS.
vs.
SOMPEYRAC
ET ALS.

The written agreement relied on by the plaintiffs to support their claim to a privilege on the crop of the deceased, is a letter from him to them, promising to reimburse them from the proceeds of his crop, and pledging it as security for the advance thus made to him by the plaintiffs.

The plaintiffs opposed several items in the tableau on which privileges were allowed, in favor of the sheriff for taxes. and the widow for mourning dresses, &c. all of which are set forth in detail in the opinion of the court.

*Boyce*, for the plaintiffs and appellants.

1. The preference claimed on the part of the plaintiffs, is for advances made on the faith and pledge of the growing crop of cotton for 1826. Hazleton in a letter to the plaintiffs pledged to them his crop in consequence of their permitting him to draw on them for one thousand dollars. Before the crop was gathered Hazleton died, and his syndic sold the crop with the mass of the estate.

2. If the privilege claimed by the plaintiff is disallowed, it will tend to destroy the intercourse and mutual relations existing between planters in the country and merchants in the city. The merchant will withhold any advance to the planter if he is denied any security or privilege on the growing crop.

3. We claim a privilege in the nature of a pledge or antichresis. The term pledge is a general term that authorises giving moveables or immoveables—with this difference, that it requires the antichresis to be in writing; whereas in relation to moveables every species may be pawned. *Louisiana Code,* 3101–2, 3143, 3121–2.

4. The amount claimed by the sheriff, Bullitt, for taxes, should be allowed as a privileged claim. See case of the *State* vs. *Wright's Administrator.* 8 *Martin, N. S.*

5. In relation to the two thousand dollars claimed by the widow, and for which she is allowed a privilege, she has not shown that she has a just claim on the succession; and, in any event, she is not entitled to a privilege.

WESTERN DIST.
October, 1831.
═══════════
HAGAN ET ALS.
vs.
SOMPEYRAC
ET ALS.

*Bullard*, for the defendant.

1. The claim of the plaintiffs for moneys advanced cannot be regarded either as a pledge or antichresis, as relates to third persons.

2. With respect to the small accounts it is still less entitled to any privilege. ,The supplies *by retail dealers*, by the small only, are entitled to privileges. *Louisiana Code, articles* 3175, 3176.

3. The vendor's privilege for cotton bagging is quite a new discovery after it has been sold with the cotton bales. Its being sold confessedly with the cotton, the vendor's privilege is cut off. *Louisiana Code,* 3195.

4. In relation to the sheriff's claim for taxes, it is true the state has no privilege on the property of the tax collector, who has not paid over the funds collected ; but the property of the *taxable* himself is specially bound for the tax.

5. The opposition of the plaintiffs to conventional interest, continuing to run on debts, after the property of the debtor is surrendered, is a new question. But it does not follow that a contract to pay interest is no longer operative after a surrender ; and that the relative rights of the parties are thereby settled. A positive law to that effect would impair the obligation of contracts and be unconstitutional.

*Martin, J.* delivered the opinion of the court.

The plaintiff's claimed an amendment of the tableau of distribution of the insolvent's estate of the intestate : 1. Because they were not placed thereon as privileged creditors. 2. Because sundry creditors were placed improperly thereon as privileged creditors. 3. Because conventional interest was improperly allowed to them.

Their opposition was overruled. The appellants contended they were privileged creditors on the proceeds of the last crop on the intestate's plantation, having made him advances of one thousand dollars, and supplied him with provisions, bagging and ropes, on his engagement that the crop should, as far as needful, be applied to these payments. The evidence of this engagement is in a letter of the intestate to

Creditors who have made advances to a planter on the faith of a letter, pledging his crop then growing, cannot claim a privilege on the proceeds of the crop sold by the syndic of the planter and debtor,

WESTERN DIST.
October, 1831.

HAGAN ET ALS.
vs.
SOMPEYRAC
ET ALS.

the appellants. Their counsel has contended, that as to the one thousand dollars there was an additional ground on which they may claim a privilege or mortgage. They were advanced and employed for the payment of a like sum due to one of the banks of the city, who had a mortgage therefor on the plantation.

The counsel has contended that the contract arising on the intestate's letter was an antichresis, or a pledge; and has urged that property in expectancy, as it may be the subject of a sale, it may be that of a pledge also. *Louisiana Code, article 2425-6.*

The appellants, in furnishing the money to pay the bank, might have insisted on being subrogated to the rights of the creditors whom they paid. Had they done so, they would have a mortgage on the plantation, but no privilege on the proceeds of a crop disposed of long ago.

There was no antichresis; for the appellants were merely promised payment, out of the proceeds of the crop. They were not authorised to enter upon the land, and reap the fruits till they were paid. *Louisiana Code, artitcle 3143.*

Property in expectancy, may be the object of a contract of sale, because that contract is complete by the mere consent of the parties: But it cannot be the subject of a contract of pledge, because that contract is what the civilians call a real contract; one which is not perfected by the consent of the parties, but which requires the delivery of the thing pledged.

The claim of privileges for the price of provisions, supplied for the plantation is made on *Louisiana Code, article 3176*; and that for the price of bagging and ropes, on the same law. *Louisiana Code, 3194.*

The articles first mentioned, inform us that "such supplies of provision as confer a privilege, are such as are made by retail dealers; that is, persons keeping an open shop, and selling by small portions, provisions and liquors." Nothing in the record shows that the plaintiffs are such dealers as this article describes, and it is not common, for planters to procure provisions for their plantations in such shops.

If the advance made by the creditor has been employed to take up a note of the debtor in bank and secured by a mortgage, he might have insisted on being subrogated to the rights of the bank against the debtor, and in doing so, whould have had a mortgage on the debtor's plantation, but no privilege on the crop growing.

There was no antichresis or pledge in this case, but only a promise of payment out of the proceeds of the crop, which the creditor was not authorised to enter upon the land and reap the fruits until he was paid.

Property in expectancy may be the object of a contract of sale but not of pledge, as the latter requires delivery.

WESTERN DIST.
October, 1831.

HAGAN ET ALS.
vs.
SOMPEYRAC
ET ALS.

The article 3194, confines the privilege of the vendor on the price of the thing by him sold, to cases in which the property still remains in the possession of the purchaser. In the present case, the bagging and ropes were long before sold with the cotton.

It therefore appears to us, the Court of Probates did not err, in denying the appellants, a rank among the privileged creditors.

The creditors, which are said to have been improperly classed among the privileged ones, are: 1. The state. 2. The intestates widow.

1. The state was in our opinion, improperly placed on the tableau as a privileged creditor, for the taxes due by the intestate. "Privilege can only be claimed for those debts, to which it is expressly pointed out by this code." *Louisiana Code*, 3152. We have in vain looked into the code, for any article allowing the state a privilege for taxes.

2. The widow is placed on the tableau as a creditor, for the sum of two thousand dollars, for the amount of her paraphernal property, received and disposed of by her husband. It does not appear to us, that the evidence supports this charge *in toto*, and the court in our opinion, erred in overruling the appellant's opposition for the whole; but as it is evident she has a claim for less than what is allowed her, which we cannot correctly ascertain, we think this part of the case should be remanded.

The appellants further complain, that she is improperly placed on the tableau as a privileged creditor, for the sum of five hundred and eight dollars, viz:

For her maintenance during one year,...........................$200
House rent, $96.  Mourning dresses, $150,................... 246
Keeping the property of the estate,................................ 62

                                                                                        $508

The claim for maintenance, is made on the article of the *Louisiana Code*, 2353. "The wife has the choice either to claim the interest of her dowry, during the year of mourning, or to claim a sustenance to be taken out of the succession of

her husband." In the present case the wife brought no dowry. She is entitled to no interest on that account; she cannot therefore, claim a sustenance, which is given to her in the case, only when she relinquishes the interest arising on her dower.

WESTERN DIST.
October, 1831.

HAGAN ET ALS.
vs.
SOMPEYRAC
ET ALS.

The claim for habitation and mourning dresses, appears to us to be given to a wife who brought in a dowry, for by the same article she is entitled thereto, whether she claims the interest and profits of her dowry, or requires a sustenance in lieu thereof.

No law has been shown, entitling the wife to remuneration, for the guardianship or keeping of the property of the husband's estate.

The court therefore, in our opinion, erred in allowing the widow's claim of five hundred and eight dollars, for the above objects.

The widow's claim for sustenance, habitation and mourning dresses on the estate of her deceased husband, is only allowed in cases where the wife brought a dowry, and when she relinquishes the interest arising on it the first year.

Lastly, the appellants complain that conventional interest was improperly allowed to certain creditors. They have contended, that in the opening of a succession, the relative rights of the creditors, are fixed in regard to each other; and they have relied on the *Louisiana Code, art.* 988–89.

The first provides, that creditors of a succession shall receive what is due them, as also interest and costs, if the estate be sufficient: otherwise the order in which they are to be paid, shall be determined.

The other provides that, as creditors of a succession can only obtain payment after certain delays, interest shall be allowed on their debts, if the estate be sufficient, from the death of the debtor, if they were then due: otherwise from the day they respectively become due.

Hence it is inferred, that if the estate be insufficient, interest can in no case be claimed. The first article clearly allows the payment of interest when due, in whole or in part, according to the ability of the estate. The second provides for the payment of interest, (if the estate be sufficient) even in cases in which none could have been claimed, without judicial demand from the debtor.

WESTERN DIST.
October, 1831.
═══════════

It does not appear to us, the Court of Probates erred, in overruling the opposition of the appellants in this respect.

It is therefore, ordered, adjudged, and decreed, that the judgment of the Court of Probates be annulled, avoided, and reversed: And that the opposition of the appellants, as far as it tends to obtain a place among the privileged creditors; and as far as it tends to the disallowance of interest to sundry creditors, be overruled: That it be sustained, as far as it relates to the state, who is to be placed on the tableau as a chirographary creditor only: That it be sustained, as to the allowance of five hundred and eight dollars, to the widow for maintenance, habitation, mourning dresses, and guardianship; and that she be stricken out from the tableau as a creditor for that sum; and that the case be remanded to the Court of Probates, for further proof and investigation; as to the part of the opposition which relates to the claim for paraphernal property received by the husband, and that the costs be paid by the estate in both courts.