Moephy, J.
delivered the opinion of the court.
This controversy is in relation, to the distribution of the proceeds of the schooner Gora, seized and sold at the suit of the plaintiff under our attachment laws; after a judgment had been rendered in Ms favor for three thousand seven hundred and sixty-two dollars, with privilege on the property attached, several persons intervened claiming to be paid in preference to plaintiff for supplies, towage, &e. The proper course to be pursued by these parties at this stage of the proceedings should, perhaps, have been that pointed out by article 401, of the Code of Practice, under the head of opposition of third persons, but this proceeding not having been objected to, we shall pass on to the merits of the several claims set up by the intervenors. That of Rodriguez & Oo., has been rejected below, and they do not appear before as as appellants from that decision. A claim of one hundred and four dollars and ten cents, for ship chandlery, put in by F. Pascal, was allowed below as a privilege and is not disputed in this court. Sloo & Byrne, claim a privilege for eight hundred and fifty dollars, by them loaned to the defendant as owner of the schooner, and which they allege has been applied to the payment of the ship-carpenter, sail-maker and crew of the -schooner in order to enable her, by the payment of these claims, to prosecute her intended voyage; and exhibit a special conventional mortgage on tbe schooner executed to them by the owner before a notary public. The attaching creditor also produces a mortgage prior in date to that of Sloo & Byrne,' hut in the same form. We will leave both mortgages entirely out of view; because under the decision of this court in Malcolm et al. v. The schooner Henrietta, 7 La. Rep. [161] *100 490, they can confer no right or privilege whatever. It is contended on the part of the intervenors, that their money having been advanced for, and applied to, the necessities of the schooner, must be considered as supplies within the sense of the meaning of No. 8, article 3204, of the La. Oode. Admitting the sufficiency of-the testimony to establish the claim itself; and passing over the doubts which arise from the contradictions in it as to the application of the money loaned to defendant, we are clearly of opinion that these intervenors are not entitled to a privilege. The article referred to recognizes a privilege in sellers, those who furnished materials and workmen employed in the construction, if the vessel has never made a voyage;' and creditors for supplies, &e.,. previous to the departure of the ship, if she has already made a voyage. The article contemplates two cases in which the privilege exists and points out the circumstances under which it must in each ease be exercised; but the persons in whose favor it is established are the same in both branches of the provision, and the expressions used in the first would remove all doubts, if any could exist, as to the meaning of those found in the record; especially when reference is had to article 289, of the Oode of Practice, which regulates the manner in which this privilege is to be claimed. The word supplies (fournitures), clearly refers then, not to money or funds advanced, but to materials sold or furnished. At the time this loan was made to the defendant by the intervenors, no privilege attached to the debt. This they appear to have been fully aware'of themselves, when they attempted to obtain a lien on the vessel by taking a mortgage before a notary. The subsequent use made of this money by the defendant, did not surely place them in a better situation; it did not operate in their favor a legal subrogation to the rights of the person, entitled by law to the privilege, and it is not pretended that any conventional subrogation took place. La. Code, arts. 2158 and [162] 2157. This claim then is am ordinary one for money lent to the defendant and must he postponed to that of the plaintiff who is a seizing creditor ; and under his judgment has a privilege on the property attached. Code of Practice, 722, 723, 724; 3 La. Rep. 183.
The demand of the Louisiana Steam Towboat Company, for towage, now remains to he considered. We have looked in vain for any provision in the Code by which the privilege claimed for it can he supported. However strong may he the analogy between the services rendered by these claimants and those of pilots, and however reasonable it might appear to us that they should enjoy the same privilege, we do not feel ourselves authorized to create it in their favor. A privilege exists only where it is expressly given by the Code, art. 3152. If the means for its being granted appear to the authority competent to establish it as strange as they do to ns, they will no doubt give it in express terms. Privileges are stricti juris, and cannot be extended by implication or analogy.
It is therefore ordered, adjudged and decreed, that the judgment of the court below he so amended as to allow only the claim of F. Pascal, as a privilege to he paid in preference to plaintiff; the appellees to pay the costs of this appeal.