168 So. 293

AMERICAN–LA FRANCE & FOAMITE IN-
DUSTRIES, Inc., v. TOWN OF
WINNFIELD.

No. 33400.

April 27, 1936.

John J. Peters, of Winnfield, and Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

A. A. Moss, of Winnfield, for appellee.

LAND, Justice.

On February 28, 1919, the town of Winnfield in Winn parish in this state entered into a contract with American-La France Fire Engine Company of Elmira, N. Y., for the purchase of one type 40 triple combination pumping engine, chemical engine and hose car Reg. No. 2548, for the price of $10,250, to be delivered within 120 days aft-

er the execution of the contract and acceptance by the company.

Under the terms of the contract, the sum of $250 was to be paid in cash within ten days after delivery and acceptance of the apparatus and equipment, and negotiable notes or warrants for the remainder were to be made, payable as follows: In three equal notes, one, two, and three years respectively, conditioned to bear 6 per cent. per annum interest from date of issue until paid.

The apparatus and equipment were delivered to the town of Winnfield July 22, 1919; the cash portion of the purchase price was paid; and negotiable notes of the town of Winnfield were then executed and delivered to the vendor for the unpaid portion of the purchase price, with interest at 6 per cent. per annum payable annually, and with reasonable attorney's fees, in case payment was not made at maturity.

The present plaintiff, for valuable consideration, has become the holder and owner of all the rights of the American-La France Fire Engine Company, Inc., under the sale to the town of Winnfield, by legal assignment and transfer.

The town of Winnfield has paid the American-La France Fire Engine Company, the original vendor, and the American-La France & Foamite Industries, the assignee, the sum of $10,756.99 on the apparatus and equipment purchased.

The account became unsatisfactory in the year 1934, and the present plaintiff sued the town of Winnfield on two notes, one in the sum of $3,623.75, with 6 per cent. interest thereon from May 15, 1930, until paid, and the other in the further sum of $2,918.09, with 6 per cent. interest thereon from July 1, 1930, until paid, less the sum of $175 paid thereon on September 1, 1931; and in the further sum of 10 per cent. of the aggregate amounts due in principal and interest on said amounts as a reasonable attorney's fee, and for all costs of this suit, less the credits received thereon, to wit:

December 22, 1932, $300.00
January 3, 1933, $200.00
February 1, 1933, $250.00
February 28, 1933, $250.00

Plaintiff also claims a vendor's lien and privilege on the apparatus and equipment sold to the town of Winnfield, and the recognition and enforcement of its lien according to law, by preference and priority over all other persons.

Judgment was rendered in favor of plaintiff company in the amounts prayed for; but the claim of plaintiff to a vendor's lien and privilege on the property sold to defendant town was denied for the reason that the trial judge found that the fire apparatus and equipment so sold is public property dedicated to public use and is not subject to seizure and sale.

(1) In its answer the town of Winnfield specifically denies that plaintiff company is entitled to a vendor's lien and privilege, and alleges that the property purchased is public property, held in trust for the public by the municipality and is exempt from seizure.

The contract of sale of the apparatus and equipment by plaintiff company to the town

of Winnfield comes clearly within the provisions of Act No. 176 of 1916, entitled "An Act To authorize villages and towns in this State, to purchase fire apparatus or appliances for protection from fire; to issue negotiable certificates of indebtedness therefor, and to provide a means of payment out of any excess of revenues of future years."

Section 1 of Act No. 176 of 1916 reads as follows: "Be it enacted by the General Assembly of the State of Louisiana, that whenever the Mayor and Board of Aldermen of any town or village of this State, after providing for all statutory charges to be paid from the respective funds upon which they are imposed; all charges for services rendered annually under time contracts, and all necessary and usual charges provided for by ordinance or resolution, *and they are of the opinion that the public interests of said village or town require a better protection from fire,* said Mayor and Board of Aldermen shall have the power to purchase such fire apparatus and appliances for protection from fire as they may deem necessary, for said villages or town, not exceeding, however, in cost the sum of $5,000.00, the title to which property shall be vested in said village or town, and may issue negotiable certificates of the said village or town in whole or in part therefor, said certificates to bear interest at a rate not to exceed 5% per annum, payable semi-annually.

"Section 2. Be it enacted, etc., that the amount of certificates of indebtedness so issued shall not exceed in any one case the sum of $5,000.00, and shall not be issued for a longer period than 10 years; that the said Mayor and Board of Aldermen be, and they are hereby authorized in order to pay said certificates of indebtedness to appropriate, dedicate, and set aside in whole or in part the excess of annual revenues of subsequent years above statutory, necessary and usual charges not in excess of the limitation fixed by the Constitution of this State provided, that such certificates of indebtedness shall not have any longer terms fixed for payment than ten years from the date of the contract of purchase, and provided further, that no dedication of future revenues shall be made to which, alone or with other prior dedications in force, shall exceed the estimated excess of revenues over the statutory, necessary and usual charges of the year in which the agreement or contract is made."

Section 3 of Act No. 176 of 1916 repeals "all laws or parts of laws contrary to, or in conflict with the provisions of this Act."

It is clear that Act No. 176 of 1916 is a general statute and is applicable to all villages and towns in the state, as to the purchase of fire apparatus or appliances for protection from fire. The rights of plaintiff company under its contract of sale to the town of Winnfield must, therefore, be determined by the provisions of this act.

We fail to find in Act No. 176 of 1916 any provision conferring a vendor's lien and privilege on the vendor of fire apparatus or appliances to a town or village in this state.

Privileges cannot be extended by implication or analogy; they are never allow-

ed but when expressly granted by law; and then only by virtue of an exact compliance with legal requisites, essential to their creation and existence. Civil Code, arts. 3185, 3312. Privilegiae sunt strictissimae interpretationis. Harrison v. Faulk, 2 La. 92, 93; Hagan v. Sompeyrac, 3 La. 154, 158; Union Bank v. Slidell, 11 La. 23, 28; Grant v. Fiol, 17 La. 158 and numerous other cases. 6 Louisiana Digest Annotated, Privilege, § 2, p. 220.

Besides, the requirement in Act No. 176 of 1916 that the price of fire apparatus and appliances purchased by a town or village shall be paid by the issuance of negotiable certificates of indebtedness out of *"any excess"* of annual revenues above statutory, necessary, and usual charges, is utterly inconsistent with the contention of plaintiff company that its indebtedness can be satisfied by seizure and sale of such property under a vendor's lien and privilege. Particularly is this true, in face of the fact that the statute specifically provides that fire apparatus and appliances may be purchased only when the mayor and board of aldermen "are of the opinion that *the public interests* of said village or town require *a better protection* from fire." (Italics ours.)

The statute, ex vi termini, dedicates fire apparatus and appliances purchased by a town or village to *public* use and for *public* protection against loss of life and property by fire. It is true that the title to such property is vested by the statute in the town or village. But it is clear that the title so vested in the town or village is merely as trustee for the public, for such property could not well be dedicated to *public* use and for *public* protection, and, at the same time, retain its status as the *private* assets of a municipality, subject to levy and sale under execution for the debts of the corporation.

Property dedicated to public use is owned by the public and is exempt from seizure and sale for municipal debts. Granting liens on public property is against public policy. Town of Farmerville v. Commercial Credit Company, 173 La. 43, 136 So. 82, 76 A.L.R. 686.

The rule is thus stated in 17 R.C.L., par. 43, p. 145: "As a general proposition an execution can not be levied against the property of a county, state or municipal corporation in the absence of a statute expressly granting such right in express terms. Even where such right is granted, however, it is generally the rule that an execution cannot be levied on any property held by a municipality or other public corporation for public purposes, such as public buildings, school houses, streets, alleys, and public squares, parks, promenades, waterworks, *hose and hose carriages, engines and engine houses* and engineering instruments, the principle being that the title to such property is held in trust for the public and hence can no more be sold to settle the debts of a city or other political subdivision than can any other trust property be sold to settle the individual debts of any other trustee." (Italics ours.)

It would be anomalous indeed for this court to hold that a fire station or engine house was dedicated to public use; but that hose and hose carriages and fire engines

housed therein were the private assets of a municipality and could be seized and sold under a vendor's privilege for the debt of the corporation.

■ Conceding that the sale of the fire apparatus and appliances to the town of Winnfield was a Louisiana contract, and that ordinarily the vendor has a privilege on the price of the thing sold under article 3227 of the Civil Code of this state, yet this is not the case where the property sold is dedicated to public use.

In Porter v. Town of Ville Platte, 158 La. 342, 343, 104 So. 67, 69, the plaintiff was employed by the town to furnish labor and material for the construction of a system of waterworks. The town accepted his work and issued to him certificates of indebtedness. He asserted a lien and privilege on the plant under article 3249 of the Civil Code, which specifically provides that those who furnish labor or materials for the construction of works of any character have a lien and privilege on the works constructed for the payment of their claims. This court held that plaintiff was entitled to judgment in personam against the corporation, but not to a lien on the plant, on the ground that the "title to such property is held in trust for the public" and cannot be sold for the debts of the municipality.

Judgment in personam was rendered against the town of Winnfield in the lower court in the present case. We find no error in the judgment appealed from.

Judgment affirmed.

O'NIELL, C. J., absent.