**22 So.2d 119**

**In re STANDARD HOMESTEAD ASS'N.**

**No. 37487.**

March 26, 1945.

Rehearing Denied April 30, 1945.

Sidney G. Roos, of New Orleans, for plaintiffs and appellants.

Gamble & Gamble, of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is an appeal from a judgment rejecting the appellants' demand to be adjudged preferred creditors of a homestead association in liquidation. The demand is made by opposition to the final account of the liquidator.

The two opponents, owning, respectively, 25 shares and 28 shares of paid-up stock of the homestead association, of the par value of $100 per share, filed with the association, on June 2, 1931, their written application for withdrawal of and payment for their 53 shares of stock. The applications were never granted, the reason given by the association being that, although the applications were placed promptly on the list of applications for withdrawal, they were never reached in the regular order for granting applications for withdrawal. The association was ordered placed in liquidation by the court, on the petition of the State Bank Commissioner, who is, ex officio, Supervisor of Homestead and Building and Loan Associations, in 1937, on the ground that the commissioner considered it unsafe and unsound for the association to continue to do business.

At the time when these applications for withdrawal were filed with the association, the rights of withdrawing stockholders were governed by Section 7 of Act 120 of 1902, as amended by Act 280 of 1916, which section provides:

"That a member may withdraw his shares or credits thereon at any time by giving written notice of such intention and shall then be entitled to receive the amount paid in by him, and such proportion of the profits as the act of incorporation or by-laws may prescribe, less all fines, charges, expenses and losses accrued or contingent to the time of notice of withdrawal, as the board of directors may determine.

"Each association shall keep a register of notices of withdrawal in the order in which they are filed, giving dates of notices and amounts to be withdrawn, and shall pay the same in the order in which such notices of intention to withdraw were filed. Whenever the proportion of receipts ordinarily made applicable to the demands of withdrawing members by resolution of the board of directors is not sufficient to pay all such demands within sixty days from date of notice, one-half of its receipts shall thereafter be applied to the liquidation of the claims of withdrawing members until all deferred claims are paid."

The appellants in this case contend that if the association had obeyed the provisions of section 7 of the statute, their applications for withdrawal would have reached the top of the list, and they would have received the par value of their shares in cash, long before the association went into liquidation. Hence the appellants claim that they are entitled to a lien on all of the assets of the association, or to be declared preferred creditors of the association in liquidation.

By Act No. 140 of 1932 the Legislature made a complete revision of all of

the homestead laws of this state, and, in the revision, the requirement for the setting aside of one-half of the association's receipts for the payment of withdrawing stockholders was omitted, and in lieu thereof certain other provisions were made which were less favorable to applicants for withdrawal of their shares of stock. But, in the case of Treigle v. Acme Homestead Association, 297 U.S. 189, 56 S.Ct. 408, 80 L.Ed. 575, 101 A.L.R. 1284, the Supreme Court of the United States adjudged these provisions in Act 140 of 1932 unconstitutional so far as they impaired the rights of stockholders who had applied for withdrawal before the act of 1932 went into effect. The decision was a reversal of the decision rendered by this court in the same case on March 4, 1935. The petition for a rehearing was denied by this court on April 1, 1935. 181 La. 941, 160 So. 637, 98 A.L.R. 69. The decision by the Supreme Court of the United States was rendered on February 3, 1936, and the petition for a rehearing was denied by that court on March 2, 1936. The basis for the decision rendered by the Supreme Court of Louisiana, declaring the act of 1932 valid, was that building and loan associations, or homestead associations, are corporations of "public utility and advantage". They were so declared in Act 151 of 1888, and were so recognized in Mayre v. Pierson, 171 La. 1077, 133 So. 163, in First National Bank v. Louisiana Tax Commission, 175 La. 119, 143 So. 23, and in State ex rel. Cotonio v. Italo-American Homestead Ass'n, 177 La. 766, 149 So. 449. That means that all business transactions or contracts which individuals have with building and loan associations, or homestead associations, are subject to regulation and control by the Legislature, in the exercise of its police power, which power is subject to the limitation only that a statute regulating or controlling such transactions or contracts must be intended for the public welfare, must have a reasonable relation to the purpose to be accomplished and must not be oppressive, arbitrary or discriminating. The Supreme Court of the United States found that the provisions objected to in the act of 1932 were oppressive, arbitrary and discriminating against withdrawing stockholders who had filed their applications before the statute went into effect.

The Standard Homestead Association, and perhaps all other building and loan or homestead associations in Louisiana, obeyed the provisions of Act 140 of 1932, instead of the provisions of Section 7 of Act 130 of 1902 as amended by Act 280 of 1916, from the time when the act of 1932 went into effect, up to the time when the Supreme Court of the United States declared the act of 1932 unconstitutional.

■■■■■ The consequence of the Standard Homestead Association's obeying the act of 1932, instead of obeying the provisions of Section 7 of Act 130 of 1902 as amended by Act 280 of 1916—up to the time when the act of 1932 was declared unconstitutional—was that the applications of the present appellants for the withdrawal of their shares of stock were never reached on the withdrawal list. No proceeding was instituted by them to forbid the homestead association to obey the provisions of Act

140 of 1932, or to compel the association to obey the provisions of Section 7 of Act 130 of 1902 as amended by Act 280 of 1916. Whether any such proceeding was available to these appellants, or whether it would have resulted in the payment of their claims for withdrawal before the homestead association went into liquidation, is a matter which we are not called upon now to decide. It is sufficient to say that the failure of the homestead association to pay the claims before going into liquidation did not make the appellants preferred creditors of the association, or give them a lien upon the assets of the association in liquidation. No fund was set aside or dedicated to the payment of these claims. In Louisiana, no claim is secured by a lien unless a lien to secure the claim, or to secure the payment of the class of claims to which it belongs, has been created by statute. Rev.Civ.Code art. 3185; Harrison v. Faulk, 2 La. 92; Hagan v. Sompeyrac, 3 La. 154; Union Bank v. Slidell, 11 La. 23; Grant v. Fiol, 17 La. 158; Landry v. Blanchard, 16 La. Ann. 173; Shreveport National Bank v. Maples, 119 La. 41, 43 So. 905; Young v. Teutonia Bank & Trust Co., 134 La. 879, 64 So. 806; Boylan's Detective Agency & Protective Police v. Arthur A. Brown & Co., 157 La. 325, 102 So. 417; Daugherty v. Canal Bank & Trust Co., 180 La. 1003, 158 So. 366; In re Liquidation of Canal Bank & Trust Co., 181 La. 856, 160 So. 609, 99 A.L.R. 473; American Creosote Works v. City of Natchitoches, 182 La. 641, 162 So. 206; State v. Moore, Blane & Merklein, 183 La. 927, 165 So. 147; Brock v. Citizens Bank & Trust Co., 190 La. 572, 182 So. 679.

There is no statute declaring the appellants to be preferred creditors of the association in liquidation, or giving them a lien to secure the payment of their claims upon the assets of the association in liquidation.

The judgment appealed from is affirmed.

HAWTHORNE, J., takes no part.