REGAN, Judge.
Plaintiffs, Louise and Ernest Kabel, owners of Oak Ridge Park Subdivision, pray for the issuance of a writ of mandamus directed against defendants, the Registrar of Conveyances for the Parish of Orleans and the McKinney Realty Company, a real estate agency partnership composed of J. William McKinney and A. Thomas Weidert, ordering the cancellation and erasure of the inscription of a contract providing, among other things, for the payment of a commission of ten percent by the owners to' the broker on all lots sold in the subdivision.
The defendant, Registrar of Conveyances, answered and admitted the registration of the contract in his office and in all other respects denied the allegations of plaintiffs’ petition. He was a nominal party, therefore, he made no further appearance herein.
The defendant, McKinney Realty Company, pleaded the exceptions of no right or cause of action and of misjoinder of parties plaintiff and defendant; it further excepted to the pleadings on the ground that the suit was an illegal effort to have the rights of the parties emanating from an ordinary contract tried by rule in a summary manner.
These exceptions were overruled and McKinney Realty Company then answered and asserted that the contract was still in force, but that Louise Kabel desired to sell the property in breach thereof so as to deprive the McKinney Realty Company of its right to earn its commission thereon despite the fact that McKinney Realty Company had carried out its part of the agreement and had accomplished the improvements and development of plaintiffs’ property; that the rights and obligations of the parties by virtue of the contract are matters for determination in an ordinary suit and not in a summary proceeding; that the plaintiffs were not appearing herein with clean hands and that they should not be permitted to use the court as a means to further their illegal and wrongful objectives.
From a judgment in favor o.f plaintiffs and against the defendants making the *107 writ peremptory and ordering the defendants to .cancel and erase from the hooks of the Registrar of Conveyances for the Parish of Orleans the inscription of the contract between Ernest and Louise Kabel and McKinney Realty Company, registered in COB 598, Folio 45, and bearing on the realty therein described, the McKinney Realty Company has prosecuted this devol-utive appeal.
The record reveals that upon the trial of the rule the matter was submitted to the Court for its decision predicated on the pleadings and in conformity with a stipulation that admitted the execution of the contract by the parties and the subsequent registration thereof in the office of the Registrar of Conveyances for the Parish of Orleans; that the contract now forms the basis of an ordinary suit which is pending in the Civil District Court for the Parish of Orleans, entitled McKinney Realty Company v. Louise and Ernest Kabel[1]; that the defendants refuse to cancel and erase the inscription of this contract from the public records; the plaintiffs do not intend to pay McKinney Realty Company any further commissions for the sale of any lots in the Oak Ridge Park Subdivision; the owner of the property has received an offer of $50,000 for ten lots in the subdivision, which will be accepted provided that this inscription is removed from the records; and, finally, that the plaintiffs consider the inscription of the contract to be a cloud upon their title which the defendants deny.
The only question which the pleadings and the stipulation has posed for our consideration is whether the plaintiffs may proceed by mandamus, a summary remedy, to cancel the inscription of the contract providing for an exclusive agency agreement to sell real estate, from the records of the Registrar of Conveyances.
Defendants have asserted no claim to the ownership of the property which was the subject matter of this contract to sell real estate on a commission basis nor have they attempted to show that there exists in their favor a statutory lien and privilege emanating from the agreement-to sell the property as agents for the owners.
In Louisiana[2] no claim is secured by a lien unless a lien to secure the claim, or to secure the payment of the class of claims to which it belongs, has been created by statute. LSA-Civil Code, Article 3185.
The Legislature granted no such lien or privilege to a real estate agent for his commission. His only claim for breach of contract is a suit for monetary damages.
It appears that the litigants herein belatedly recognized this fact for, as we stated hereinabove, there appears in evidence a subsequent suit entitled McKinney Realty Company v. Louise and Ernest Kabel. In that suit the McKinney Realty Company, relying on the identical contract which it registered in these proceedings, is endeavoring to obtain a monetary judgment against the Kabels for breach of contract.
In State ex rel. Ernest Realty Co. v. Moore, Blane & Merklein, 1936, 183 La. 927, 165 So. 147, 149, the Supreme Court had occasion to consider a case, the rationale of which is analogous to this one. There, the plaintiff, as owner of certain real estate, brought a mandamus suit against the defendants, an insurance agency and the Registrar of Conveyances for the purpose of having cancelled from the records a notice of lis pendens, asserting that the recordation of the notice was illegal because the insurance agency had no lien or privilege of any kind against the property and no color of right to affect the title thereto. The insurance agency pleaded the exceptions of no right or cause *108 of action, which were overruled, and then answered averring that it had a lien and privilege on the immovable property resulting from the furnishing of fire and other insurance policies covering the property. The court reasoned thus:
“ * * * a. plaintiff in an ordinary suit could not by mere bold allegations claim a lien and privilege on immovable property, or color of title thereto, and compel the * * * owner to await the determination of that litigation, where the allegations of the petition showed, as a matter of law, that the plaintiff was not entitled to either a lien or color of title to the property, but that the * * * owner in such a case was entitled to proceed summarily by mandamus proceedings to have the cloud on his title to the immovable property * * * cancelled.”
Defendants, in asserting that “the authorities are unanimous that one party to a written contract relating to or affecting real estate, which has been recorded in the conveyance records, cannot force its erasure from these records summarily in a mandamus suit naming the Registrar of Conveyances and the other party to said contract as respondents”, cite in support thereof two cases.[3] We take no issue with the principle of law enunciated in the decisions cited in support thereof except to point out that the statement and the cases cited are not apposite or even analogous to the factual or legal situation which this case has posed for our consideration. In both of those cases the agreement which one of the litigants was endeavoring to have cancelled from the records of the Conveyance Office was one wherein ownership to the real property was being asserted or, more briefly, the litigant in each case was the vendor and the vendee thereof. Obviously a mandamus suit would not lie, as those cases reveal, against the Registrar of Conveyances to cancel the inscription of an agreement to buy or sell for the reason that the ownership of the property is in contest, whereas here the only claim asserted by the McKinney Realty Company is one for a real estate agent’s commission.
We are, therefore, of the opinion that the registration of a contract providing for. the payment, by the owner of the property, of a real estate agent’s commission in the Office of the Registrar of Conveyances constitutes a cloud on the plaintiffs’ title and they are entitled to have it can-celled and erased by the sumfnary remedy of mandamus.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. The record of which, No 342 229 of the docket of the Civil District Court, has been offered in evidence in this suit.

. In re Standard Homestead Association, 1946, 207 La. 789, 22 So.2d 119, and innumerable cases cited therein.

. State ex rel. Hymel’s Heirs v. Johness, Inc., 1940, 196 La. 159, 198 So. 890; Calcasieu Building & Loan Association v. Goudeau, 1935, 182 La. 247, 161 So. 599.