REGAN, Judge.
The plaintiffs, Gulf States Land and Industries, Inc., and its subsidiary, Mississippi River Development Corporation, filed this suit against the defendant, Harold L. Mon-tegut, clerk of the Twenty Ninth Judicial District Court for the Parish of Saint John the Baptist, endeavoring to obtain a writ of mandamus ordering the defendant to cancel and erase from the public records[1] thereof a written contract designated as an “Employment Agreement” between Gulf States Land and Industries, Inc., and Irving Green.
The original defendant simply denied the allegations of the plaintiffs’ petition and impleaded Irving Green as a party defendant. Green then answered and explained therein that the “Employment Agreement” was one which directly affected an interest in and title to immovable property, and thus very properly constituted a part of the public records of the Parish.
The lower court rendered judgment in favor of the plaintiffs, and from that judgment, Irving Green has prosecuted this appeal.
The record discloses that Gulf States Land and Industries, Inc., and Green entered into a contract whereby Green agreed to develop certain real estate in the Parish of Saint John the Baptist owned by Gulf States. This contract was executed on February 2, 1965, and was recorded on August 9, 1965. In addition thereto, on September 2, a written acknowledgment of the employment contract was recorded by Green. Subsequently, he was requested to cancel the inscription of the agreement *10 therefrom; however, he refused to do so, which, of course, provoked this litigation wherein the plaintiffs insist that the inscriptions of the agreement and the acknowledgment thereof constitute a cloud on the titles to its properties.
The lower court reasoned that the “employment agreement” was merely a contract wherein the defendant agreed to develop and sell real estate for the plaintiffs; and it was not an agreement relating to the .sale thereof by one party to the other. Consequently, it concluded that the obligations resulting therefrom were personal in nature, and no title interest was created in favor of Green.
j Therefore, the only significant question posed for this court’s consideration is whether the written contract entered into between Gulf States Land and Industries, Inc., and Irving Green related to or affected immovable property, so that it was legally recordable in the parish of its situs.
An analysis of the agreement discloses that it delineates in minute detail the mutual rights and obligations of the parties thereto. It sets out the “area of operation and participation” of Green in his efforts to develop the land; it also provides that Gulf States will cause Mississippi River Development Corporation, its wholly owned subsidiary, to make available to Green specific developed building sites and certain undeveloped land. The plaintiff agrees therein not to permit any development of land in-eluded in Green’s area of operation except that to be undertaken by him, and it is further stipulated that the plaintiff shall not transfer any of the land to any one other than its subsidiary without his consent. Finally, in paragraph 11 of the contract the plaintiff agrees to subordinate its interest in certain mortgages as may reasonably be required to further the development work undertaken by Green.
The defendant contends that by fulfilling these terms, both disposition and ownership of the immovable properties to be developed by him necessarily would be changed. In other words, he insists that the contract does “relate to or affect” real estate to such an extent that the plaintiff may not have the contract removed from the public records by summary proceeding in the nature of mandamus.
He predicates the foregoing argument primarily upon the rationale emanating from the case of State ex rel. Hymel’s Heirs v. Johness, Inc.[2] which pronounced that in Louisiana mandamus is not an available remedy for the cancellation or annulment of a contract for the sale of real estate.
We are of the opinion that the defendant’s interpretation of the nature of the “employment agreement” is untenable. The contract simply provides that the defendant will undertake to develop the land owned by Gulf States in return for Gulf States’ agreement to pay him a stipulated sum of money per year, together with a certain portion of the profits accruing from the development thereof. The agreement is absolutely devoid of any language whereby Green was granted a real interest in the immovable property to be developed.
This case is analogous to the rationale emanating from State ex rel. Kabel v. Register of Conveyances for Parish of Orleans [3] wherein we expressed the opinion that mandamus will issue to compel the erasure of a contract from the public records when it merely provides for the payment of a commission to a real estate salesman, since such an agreement does not create a lien or privilege upon the property. In Louisiana, a lien or privilege may only be created by statute.[4]
Since the defendant has disclosed no title, privilege, or interest in the immovable property emanating from the employment agreement, we are of the inevitable opinion *11 that the registration and recordation of the contract in the public records of the Parish of Saint John the Baptist constitutes a cloud on the plaintiffs’ title and they are entitled to have it cancelled and erased by use of the summary remedy of mandamus.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant, Irving Green, is to pay all costs incurred herein.
Affirmed.

. Both Mortgage and Conveyance Books of Saint John the Baptist Parish.

. 196 La. 159, 198 So. 890 (1940).

. 94 So.2d 105 (1957).

. C.C. Art. 3185.