BOLIN, Judge.
Wayside Development Company entered into a written contract with Jack L. Smith for Smith to service and lease properties located in Wayside’s shopping center in exchange for a recited consideration. This contract was recorded in the public mortgage records. Several years later Smith sued Wayside and the then owner of the property for money allegedly due him under the service contract. In connection with that suit Smith caused a notice of lis pendens, describing the leased property, to be filed in the conveyance and mortgage records. By this action Wayside and the present owner of the property seek a mandamus ordering the clerk of court to cancel the inscription of the service agreement and notice of lis pendens from the public records as constituting a cloud upon the title of the property. The lower court, finding the service contract granted Smith only a personal right rather than a real right affecting the property, order the inscriptions erased from the public records. Defendants appeal and we affirm.
The primary issue is whether or not the contract with Wayside granted Smith a real right. If the first question is answered in the negative, a secondary issue is whether a mandamus against the clerk of court is the proper procedure for having the inscriptions erased from the public records.
*1174 The controversial clause in the service contract which Smith claims gives him a real right affecting title to the property provides:
In further consideration hereof Grantee [Smith], as compensation for his services, shall receive two and one-half (2V2%) per cent of the gross annual rental of each lease renewal, payable in equal annual installments during the renewal period. All compensation to cease twenty years from date Shopping Center opens.
Smith argues the clause granting him a percentage of the rental of each lease renewal acts as an assignment to him of the right to receive a percentage of the rents generated by all leases; that when those leases were recorded in the mortgage or conveyance records of the parish in which the leased property is situated, those rights affected the title to immovable property. Cited in support of this argument is Prados v. South Central Bell Telephone Co., 329 So.2d 744 (La.1976).
We find Prados factually inapposite to this case. The appellant’s interpretation of the service contract is untenable. The agreement is merely a contract for Smith to perform services in return for a stipulated sum of money per year, together with a percentage of income generated by the leases. The contract is devoid of language assigning Smith a real interest in the immovable property to be developed. Further, the agreement does not create a lien or privi- • lege on the property which, under Louisiana Civil Code Article 3185, must be provided for by law. We have been cited to no codal article or statute granting or creating a lien or privilege on the property to secure a claim arising from this type of contract. State ex rel. Gulf States Land & Industries v. Montegut, 189 So.2d 9 (La.App. 4th Cir., 1966).
Since the service contract did not affect title to realty the clerk of court had a ministerial duty to cancel the inscription of the contract and the notice of lis pendens from the public records. Upon failure of the clerk to comply with this request, mandamus was the proper legal procedure for compelling the recorder to cancel these inscriptions. State v. Montegut, supra, and State ex rel. Kabel v. Register of Conveyances for Parish of Orleans, 94 So.2d 105 (La.App. Orleans, 1957).
The judgment is affirmed at appellant’s cost.