182 So. 679

BROCK, Bank Com'r, v. CITIZENS STATE BANK & TRUST CO. (two cases).

Nos. 34849, 34850.

June 27, 1938.

Hawthorne & Files, of Bastrop, Marcus and Corkern and Flanders, of New Orleans, W. Dan Files, of Bastrop, and Bert Flanders, Jr., and Fred A. Kullman, both of New Orleans, for State Bank Com'r, applicant.

James T. Shell, Jr., Madison, Madison & Fuller, and E. L. Gladney, Jr., all of Bastrop, for opponent and respondent in writ.

ROGERS, Justice.

In this proceeding we are called upon to review a decision rendered by the Court of Appeal for the Second Circuit in two matters similar in their facts and involving the question of whether Act No. 63 of 1926 grants a privilege upon the assets of a defunct bank to secure the payment of monies received and deposited by the bank as the financial tutor of two minors.

There is no dispute about the facts, which are as follows, viz.:

On September 15, 1928, the Citizens State Bank & Trust Company, of Bastrop, Louisiana, qualified as financial tutor of the minor Douglas Riser, under the provisions of Act No. 45 of 1902. On January 20, 1931, the same bank qualified under the same statute as financial tutor of the minor Ora Brandon. The estate of each minor consisted of a lump sum payment made by the United States Government as dependency compensation under the provisions of the World War Veteran's Act of 1924, 38 U.S. C.A. § 421 et seq., and certain monthly payments made by the Federal Government to the bank during the period of its tutorship. The bank as financial tutor paid to the tutor having charge of the person of each minor the sum of $10. a month to defray the living expenses of the minor.

On April 27, 1933, the Citizens State Bank & Trust Company was placed in liquidation by the State Bank Commissioner under the provisions of Act No. 300 of 1910. At that time there was on deposit with the bank to the credit of the minor Douglas Riser the sum of $639.69 and to the credit of the minor Ora Brandon the sum of $1724.57.

On March 17, 1936, the Liquidator of the Citizens State Bank & Trust Company filed a provisional account in which he proposed to pay to all the bank's depositors and creditors a dividend of 20% on their accounts, listing the minors among the creditors entitled to receive such payments.

The Bastrop Bank & Trust Company, which had been appointed financial tutor

of the minors after the failure of the Citizens State Bank & Trust Company, opposed the Liquidator's account, contending that under the State and Federal laws and the agreement with the United States Veterans Bureau, the minors enjoyed a preferential right and privilege upon the assets of the defunct bank to the full amount due them.

Subsequently, Ora Brandon became emancipated and was substituted as an opponent in place of the Bastrop Bank & Trust Company. In her petition amending the original opposition filed on her behalf she asked that the statutory penalty of 5% per annum be imposed upon the Citizens State Bank & Trust Company, her former financial tutor, because of its failure to invest her funds as required by the laws of this state.

The judge of the district court dismissed both oppositions. Opponents appealed and the cases were consolidated for argument in the appellate court. The Court of Appeal reversed the judgments of the district court, recognized the minors as entitled to the privilege granted by Act No. 63 of 1926 and ordered that their claims be paid in full from the funds in the hands of the Liquidator. The Court of Appeal found it unnecessary to pass upon the contention that the Federal statute granted a preferential right on the assets of the bank.

The Court of Appeal allowed as privileged the claim of Ora Brandon for the statutory penalty of 5% per annum. But on rehearing, the Court amended its judgment so

as to allow the 5% penalty only as an ordinary claim. It adhered to its judgment allowing opponents the privilege granted by Act No. 63 of 1926. 172 So. 546, 547.

Opponents predicate their claim for preference and payment by priority on the provisions of Act No. 63 of 1926, and on the provisions of the World War Veterans Act, U.S.C.A. Title 38, Sec. 454a, as amended by the Act of Congress of August 12, 1935.

The primary question involved in this review of the decision of the Court of Appeal is, whether Act No. 63 of 1926 grants a privilege upon the assets of the defunct bank in favor of the minor claimants?

Section 1 of Act No. 63 of 1926 provides in part as follows:

"When any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank * * *."

In the case of In re Hibernia Bank & Trust Company, Pan American Life Insurance Company, Intervener, 185

La. 448, 169 So. 464, this court held, that the privilege referred to in the statute arises only where the bank against whose assets the privilege is sought to be exercised receives the instrument of indebtedness solely for the purpose of collection. The addition of any other fiduciary relationship places the transaction beyond the scope of the statute. Thus, in that case, the court quoted with approval the following statement of the law contained in the written opinion of the judge of the district court in the case of the Liquidation of the Interstate Trust & Banking Company, viz.:

"The proper criterion should be whether the one who gave the item to the bank was trusting its solvency and financial responsibility or whether he was availing himself solely and only of the collection facilities provided by that institution. If he did not intend to trust the solvency and financial responsibility of the bank, but intended solely and only to avail himself of its collection facilities, then he should be accorded the privilege, but in cases where he relies upon its responsibility or places it in a fiduciary relationship to himself, in which, reliance upon its solvency is involved, then and in that event no privilege should be granted because then his position is too similar to that of an ordinary depositor who also relies upon the bank's financial responsibility." 185 La. 448, 480, 481, 169 So. 464, 475.

The decision in the Pan American Life Insurance Company Case was approved by this court in the later case of In re Interstate Trust & Banking Company, 188 La. 211, 176 So. 1.

■ The limitations placed by the decisions in those cases on the application of Section 1 of Act No. 63 of 1926 precludes recognition of any privilege in favor of the minor claimants because the defunct bank first received the funds of the minors as their tutor. Paragraph V of each agreement between the bank and the Veterans Bureau provides that "the functions of the bank as tutor shall consist solely of receiving and investing the funds paid to it as tutor * * *." This fact was recognized by the Court of Appeal for in its decision on rehearing it states that "as such tutor, it [the bank] received the checks from the United States Veterans' Bureau, and was charged with the duty of investing the proceeds thereof in accordance with the laws of this state." (180 So. page 651.)

The checks were delivered by the Veterans Bureau to the bank as the financial tutor of the minors. As such tutor the bank then deposited the checks in the checking and savings departments of the bank normally functioning as a banking institution. As stated in the Hibernia Bank Case the collection of the checks was a mere incident and not the object of the contract. So far as the bank acting as a going financial institution was concerned the object of the contract was that the bank would hold the avails of the checks on deposit subject to the orders of the bank as tutor. The funds were in no wise segregated, earmarked or

held apart from other funds of the bank, but, on the contrary, they were commingled with the other funds and assets of the bank operating as a banking institution.

The handling of the checks issued by the Veterans Bureau was a convenient method of placing the funds in the bank to the extent of the indebtedness of the Veterans Bureau to the minors. The purpose of the agreement with the Veterans Bureau could have been accomplished as well if the Bureau had given cash, instead of checks, to the bank as tutor for deposit in the bank as a going financial institution. If this procedure had been followed, it is plain that no privilege would exist in favor of the minors under the provisions of Act No. 63 of 1926. The fact that the Veterans Bureau and the bank as tutor used the most convenient method of getting the minors' funds into the bank as a normally functioning banking institution does not of itself create a privilege and does not bring the case within the terms of the statute.

If the tutor had been an individual and had deposited the money of the minors in the bank, it is clear that the minors would not be entitled to any privilege on the funds or other assets of the defunct bank.

The opponents are not attempting to get the money out of the bank as their tutor; that is to say, out of the tutor as such. They are attempting to get the money out of the bank in liquidation; that is to say, out of an insolvent banking institution, in which their tutor had deposit-ed their money more than four years in one case and more than two years in the other case before the failure of the bank, to the prejudice of their fellow depositors. Opponents' attempt is not supported by Act No. 63 of 1926. Nor is the decision in the case of Vivian State Bank v. Satterwhite, 180 La. 856, 157 So. 788, cited by opponents, applicable to the situation presented in this case.

Opponents' claim for preferential payment on the ground that the defunct bank as financial tutor failed to invest their funds as provided by law and in accordance with the agreement with the Veterans Bureau cannot be maintained.

This court had occasion about fifty years ago to consider the question of whether a deposit belonging to minors delivered by their tutrix to a bank for investment was entitled to be paid by preference on the bank's failure with such uninvested and unindentified funds in its possession. In re Louisiana Savings Bank & Safe Deposit Company in Liquidation, 40 La. Ann. 514, 4 So. 301. The Court there held that the claim for such funds was properly classified as an ordinary and not as a privileged claim.

In the case of Young v. Teutonia Bank & Trust Company, 134 La. 879, 64 So. 806, the Teutonia Bank had been appointed tutor of the minor Paul Y. Mouchon under the provisions of Act No. 45 of 1902. The bank failed with $2700. of the minor's funds in its possession. The successor tutor of the minor sought to obtain preferential payment of the minor's

claim. After discussing the rights and liabilities of a bank appointed under Act No. 45 of 1902, including the duty of the tutor to invest the minor's funds whenever they amount to $500. and the statutory penalty for the tutor's failure to do so, this Court held that the minor's estate was not entitled to the preferential payment claimed, either by virtue of an equitable lien or otherwise.

■ The decision in the Teutonia Bank Case was approved in the case of Daugherty v. Canal Bank & Trust Company, 180 La. 1003, 158 So. 366. There the court specifically pointed out that the mere violation of a duty in connection with trust funds does not authorize preferential payment to the beneficiary of the trust. The decision reiterates the frequently expressed rule of law that privileges are stricti juris.

· In the recent case of In re Interstate Trust & Banking Company, 188 La. 211, 176 So. 1, this court adhered to the rule of nonrecognition of equitable liens or privileges as shown by the decision in the Daugherty Case.

■ We find nothing in the Act of Congress of August 12, 1935, (U.S.C.A. Title 38, Section 454a), which was enacted long after the minors' funds were received by their tutor and deposited in the defunct bank, or the decision in Spicer v. Smith, 288 U.S. 430, 53 S.Ct. 415, 77 ·L.Ed. 875, 84 A.L.R. 1525 and Lawrence v. Shaw, 300 U.S. 245, 57 S.Ct. 443, 81 L.Ed. .623, 108 A.L.R. 1102, cited by opponents, that conflicts with the positive

declarations of our written law and the jurisprudence based thereon.

By supplemental petition filed June 16, 1936, the same day judgment was rendered dismissing her opposition, Ora Brandon claimed the statutory penalty of 5% per annum on the amount of her uninvested funds above $500. on deposit in the defunct bank.

The Court of Appeal in its original decision allowed the penalty as a privileged claim under Act No. 63 of 1926. On rehearing, the Court of Appeal refused to recognize the existence of the privilege but it allowed the penalty as an ordinary claim against the liquidating bank.

■ Article 347 of the Civil Code provides that a "tutor shall be bound to invest, in the name of the minor, the revenues which exceed the expenses of his ward, whenever they amount to five hundred dollars. In default thereof, he shall be bound to pay on such excess the rate of interest allowed by law." The legal rate of interest referred to in the quoted codal article is· 5% per annum on the amount of any matured debt not immediately paid. Civ.Code, arts. 1938, 2924.

■ It has been the policy of our law not to allow any interest on deposits in insolvent banks in the process of liquidation. Thus, in Young v. Teutonia Bank & Trust Company, supra, this court announced the rule that where interest is not allowed to all, no interest should be allowed' to particular opponents. In the case of Daugherty v. Canal Bank & Trust Company, supra, this court refused to allow in-

terest. The decretal portion of the judgment in that case recognized the claimant as an ordinary depositor without interest. In the decision on the oppositions to the liquidator's account in the Interstate Bank Case, supra, no interest was allowed to any opponent, although interest on their claims was demanded by a number of the opponents.

 The rule is one founded in fairness to all the bank's creditors similarly situated and we see no reason why it should not be followed in this case.

For the reasons assigned, the judgment of the Court of Appeal for the Second Circuit is annulled and the judgments of the Fourth District Court for the Parish of Morehouse, dismissing the oppositions of Ora Brandon and of the Bastrop State Bank & Trust Company as tutor of the minor Douglas Riser to the account of J. S. Brock, State Bank Commissioner, Liquidator of the Citizens State Bank & Trust Company, of Bastrop, are reinstated and made the judgment of this court.

O'NIELL, C. J., dissents on the authority of the decision in the case entitled In re Liquidation of Hibernia Bank & Trust Co., 181 La. 335, 159 So. 576, and for the reasons given in his dissenting opinion in Re Interstate Trust & Banking Co., 188 La. 211, 176 So. 1.

ODOM, J., dissents, being of the opinion that the opinion and decree of the Court of Appeal is correct.