In 1927, while plaintiff was a minor, the Amite Bank Trust Company was appointed her tutor and her mother was appointed under-tutor under an agreement between the said Bank and the United States Veterans' Bureau, the property of the minor consisting solely of funds paid and to be paid by the Veterans' Bureau for the benefit of the minor under the War Risk Insurance Act of Congress on account of the death of plaintiff's father. The account filed by the Bank and approved by the court in 1931 shows that the Bank had on hand certain funds belonging to the minor, together with $450 worth of liberty bonds. Shortly after the filing and approval of this account, the Amite Bank Trust Company was placed in the hands of the State Bank Commissioner.
On December 22, 1932, the Bank Commissioner, as Liquidator of the said Amite Bank Trust Company transferred all of its assets to the Tangipahoa Bank and Trust Company in which transfer the latter bank assumed the payment of the depositors of the former bank under certain specified terms and assumed in full all other liabilities of the said Amite Bank Trust Company. It is alleged and the record shows that the Tangipahoa Bank Trust Company was appointed tutor to the said minor after it took over the assets and assumed the liabilities of the Amite Bank.
The Tangipahoa Bank and Trust Company (hereafter called the Tangipahoa Bank) was taken over by the State Bank Commissioner the latter part of 1933 or the first part of 1934, and this Bank was also placed in liquidation. The evidence is clear that the Tangipahoa Bank never received the liberty bonds belonging to the said minor, but it is shown that these bonds disappeared prior to the time the Tangipahoa Bank took over the assets of the Amite Bank.
This suit was filed by the plaintiff after she was emancipated, alleging the facts summarized above, and she further alleged that these liberty bonds were in the possession of the Tangipahoa Bank in liquidation, or if not, they disappeared while in the possession of the Amite Bank, and that the Tangipahoa Bank is responsible for said bonds or their value. She alleges that said bonds were specific property and were not intermingled with the funds of said Banks. Her prayer is for judgment against the Commissioner as Liquidator of the Tangipahoa Bank for the sum of $450, plus interest as called for in the bonds. While she does not specifically pray for a lien and preference on the funds of the Bank, she insists on this preference by reason of the fact that these bonds were the specific property of the minor and not to be intermingled with the other funds of the Bank.
The Bank Commissioner filed: (1) An exception to the jurisdiction of the court; (2) exception of no right or cause of action; (3) a plea of prescription of three and six months and of one year; (4) a plea that plaintiff's claim is barred by her laches in failing to use due diligence in filing her suit. The record does not show what disposition was made of these pleas and exceptions, however, we assume that they were overruled, as they are again urged in this court. Defendant filed an answer which is practically a general denial, and reurged the same points on which his pleas and exceptions were based.
The trial judge rendered a judgment in favor of the plaintiff and against the defendant, J.S. Brock, State Bank Commissioner as Liquidator of the Tangipahoa Bank, recognizing plaintiff as a creditor and depositor of the Bank in the sum of $450, payable in due course of liquidation. As no privilege was granted to plaintiff for the payment of her claim over the claims of the other creditors and depositors of the Bank, she took an appeal to this court.
We will first take up the pleas and exceptions in the order named above:
(1) The exception to the jurisdiction is based on the ground that the Bank Commissioner is an officer of the court and cannot be sued without the permission of the court appointing him. The act which authorizes the Bank Commissioner to take charge of and liquidate an insolvent bank permits a claimant to bring a suit on his claim where it is rejected by the Commissioner. Act 300 of 1910, Sections 4 and 5. The present suit was *Page 765 
brought in the court where the liquidation proceedings are being carried on, and if any permission to file the suit were necessary, that permission would be implied by recognizing the powers and duties of the Liquidator in collecting the assets and paying the debts of the insolvent bank. This exception is without merit and is therefore overruled.
(2) The exception of no cause or right of action is based on the ground that the petition does not specifically allege that the bonds belonging to the minor ever came into the possession of the Tangipahoa Bank; that said bank as tutor could not be held for the minor's property which never came into its possession. However, regardless of the sufficiency, vel non, of the petition on this point, the allegation is made that the Tangipahoa Bank assumed all of the obligations of the Amite Bank, and as it is specifically alleged that the latter bank held these bonds and was responsible for their safe-keeping, any liability which it incurred toward the minor in this respect was assumed by the Tangipahoa Bank. The action is virtually against two successive tutors where the second assumed the obligations of the first to require the second tutor to deliver the bonds or pay for their value. This exception likewise should be overruled.
(3) The plea of prescription is grounded on the provisions of Section 4 of Act 300 of 1910 which fixes a period of six months from the service of notice of the rejection of a claim within which a claimant, other than a depositor, may file a suit on his claim. While the record shows that the special agent of the bank in liquidation, in reply to a letter from the Guaranty Bank claiming to be tutor of the minor in November, 1934, demanding the delivery of these bonds, stated that he was unable to comply with the demand, he did not reject the claim of the minor as a creditor of the bank in liquidation for the value of the bonds. The statement by the special agent that he was unable to deliver the bonds did not amount to a rejection of any liability for their value. So far as the record discloses, the liquidator never denied any and all liability for the value of these bonds prior to the time this suit was filed, and for that reason, we do not think the prescription relied on applies in this case. The plea is therefore overruled.
(4) Neither is there any merit in the plea of laches. Plaintiff filed the suit soon after she was relieved of the disabilities attending her minority. While several years elapsed after the bonds disappeared before any action was taken, yet during this time plaintiff was a minor and could not act for herself. This plea is also overruled.
 On the Merits.
As already stated, the Tangipahoa Bank never received the bonds belonging to the plaintiff, but the Amite Bank Trust Company did have these bonds in its possession as tutor for the minor and showed the bonds on the last account which it filed. What purports to be a copy of an account filed by the Tangipahoa Bank as tutor to the minor and sworn to by one of its officers on January 31, 1934, has listed thereon liberty bonds of $450. But on motion filed by the defendant, the court ordered this purported copy of an account stricken out as it was made out after the Tangipahoa Bank went into liquidation and after the officer's authority who undertook to make out the account had been divested, and he could not bind the liquidation. In any event, the evidence shows that these bonds disappeared before the Tangipahoa Bank took over the assets of the defunct Amite Bank.
The result was that the Tangipahoa Bank assumed the liability of the Amite Bank to the minor for the value of the bonds under its special agreement. The Amite Bank as tutor was liable to the minor to the same extent and in the same manner as other tutors are liable to their wards, except the Bank was not required to give any bond. Act 45 of 1902, Sections 1 and 2. The liability of the bank for the bonds of the minor was the same as its liability to her for any funds of hers on deposit in the bank. No preference or priority is given a minor against the assets of an insolvent bank acting as tutor over the depositors and other creditors of the bank. The capital stock is considered as sufficient to take the place of a bond, and the bank in its capacity as tutor sustains a fiduciary relation to the minor in the same manner and with the same legal obligations as it sustains to depositors who intrust their funds to the custody of the bank. See Young, State Bank Examiner, *Page 766 
v. Teutonia Bank Trust Company, 134 La. 879, 64 So. 806; Daugherty v. Canal Bank Trust Company, 180 La. 1003,158 So. 366; Brock, Bank Com'r, v. Citizens State Bank Trust Co.,190 La. 572, 182 So. 679.
As plaintiff's claim against the Liquidator cannot be considered as a claim of ownership of any specific property in his possession, but only as a creditor for the value of the bonds for which the Amite Bank was liable, there is nothing to give rise to any equitable lien and privilege on any assets of the Tangipahoa Bank, and the judgment which recognized plaintiff as a creditor of the Tangipahoa Bank for the value of the bonds to be paid in due course of liquidation is correct, and is hereby affirmed.
LeBLANC and DORE, JJ., concur.